DAWSON v. TOYE BROS. YELLOW CAB
CO., INC., ET AL.

---

(January 5, 1931.   Opinion and Decree.)

---

Henry M. Robinson, of New Orleans, attorney for plaintiff, appellant.

David Sessler, of New Orleans, attorney for Toye Brothers Yellow Cab Co., defendant, appellee.

Henry M. Mayo, of New Orleans, attorney for Charles Dennery, Inc., defendant, appellee.

WESTERFIELD, J. Plaintiff in this case was injured as the result of a collision between a taxicab in which he was riding and a motortruck.  He brings this suit against the owner of the cab and the owner of the truck, in solido.  Each defendant answered denying responsibility for the accident. There was judgment below in favor of both defendants, dismissing plaintiff's suit.   Plaintiff has appealed.

It is obvious that the plaintiff in this case must recover from one or the other, or both defendants, since, as a passenger in a public carrier, he cannot be charged

with responsibility for the accident. The fact of his injury gives rise to the presumption that the driver of the taxicab was negligent, since, under ordinary conditions, with proper direction and control, taxicabs do not collide with other vehicles. Hamburger v. Katz et al., 10 La. App. 217, 120 So. 391.

The accident occurred at the intersection of Howard and Magazine streets. The taxicab entered the intersection from the direction of the river, on Howard street. The truck was proceeding up Magazine street in the direction of Audubon Park. According to the driver of the truck it had been raining just prior to the collision and the streets were slippery and his brakes would not hold. He claims to have been running at a rate of eighteen to twenty miles per hour, when, as he reached the intersection, the taxicab suddenly shot out in front of him and he attempted to avoid striking the cab by turning in Howard street, but collided with it in the intersection, his front wheel striking the rear wheel of the cab.

Upon his testimony alone we find him negligent because, under the conditions obtaining, his speed was excessive. He should not have driven his heavy truck over wet, slippery pavement at eighteen or twenty miles an hour.

As to the taxicab, the evidence in the record is to the effect that he entered the intersection of Magazine street, a wide thoroughfare with two street car tracks, from Howard, a narrow intersecting street, without stopping, and, according to some witnesses, without blowing his horn. It is insisted in his behalf that there is no evidence to show that there is any "stop" sign on the pavement and, consequently, no necessity for the driver of the taxicab to have stopped before entering the intersection. The city traffic ordinance does not appear to have been introduced in evidence, but, independently of any requirement of that ordinance, we observe that it was the duty of the taxicab driver to have stopped his car when entering a broad thoroughfare with two street car tracks from a narrow side street. In any event, he has not successfully overcome the presumption of negligence which arose from the fact of the accident. We are of the opinion that the drivers of both vehicles were at fault.

It is strenuously insisted that the plaintiff in this case was not injured to any appreciable extent. He has claimed $300 for contusions, bruises, shock and damage to his clothing. In our judgment he is not entitled to anything more than nominal damages. We are convinced that he suffered some shock, being rendered unconscious for a few minutes, and that his hat was soiled and his coat slightly torn. He was taken to the Presbyterian Hospital, where he remained a few minutes, but there is no testimony in the record from any doctor or nurse who may have treated him at that institution. For the shock and possible damage to his clothing we believe the sum of $50 to be a proper award.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff and against the defendants, Toye Brothers Yellow Cab Company, Inc., and Charles Dennery, Inc., in solido, in the full sum of $50, interest and costs.