## GAGER v. TECHE TRANSFER CO., Inc., et al.

## No. 1292.

Court of Appeal of Louisiana. First Circuit.
March 6, 1934.

C. A. Blanchard, of Morgan City, for appellant.

Wallis & Butler, of Houma, for appellees.

ELLIOTT, Judge.

This is the second appeal in this case. Our opinion and decree, acting on the first appeal, 143 So. 62 et seq., states the case fully and reference may be had thereto for said purpose.

On the previous appeal the judgment dismissing from the suit A. W. Newlin, public administrator of the parish of Orleans, and Wallis & Butler as curator for the vacant succession of C. W. Nicol, was affirmed, but to the extent that it was in favor of the Independent Indemnity Company of Philadelphia, Pa., dismissing it from the suit, it was reversed and the case remanded. This left Independent Indemnity Company of Philadelphia, Pa., as surety for C. W. Nicol and Teche Transfer Company, Inc.; as parties defendant in the suit.

The trial on the remand resulted in judgment in favor of the plaintiff and against Independent Indemnity Company of Philadelphia, Pa., in the sum of $2,926, with legal interest from judicial demand until paid; but his demand against Teche Transfer Company, Inc., was refused and rejected.

The plaintiff appealed from the judgment rejecting his demand against Teche Transfer Company; Inc. Plaintiff's demand against Teche Transfer Company, Inc., is therefore the only question before us on the present appeal.

Plaintiff alleges his injury in a collision between an omnibus belonging to and operated by Teche Transfer Company, Inc., in which he was a paid passenger and an automobile being driven by Rev. C. W. Nicol. He charges Rev. Nicol with acts of negligence, causing or contributing to bring about the collision in which he (the plaintiff) was hurt and the said Nicol lost his life, but we

have only to deal with his averments of negligence against Teche Transfer Company, Inc., and the evidence bearing thereon.

He alleges against Teche Transfer Company, Inc.: "The operation of the bus at the speed of 45 miles notwithstanding the fact, that a large truck and a string of cars were approaching in the opposite direction; the continued operation of the bus at the same speed notwithstanding the fact, that the bus driver's vision was impaired by a cloud of dust; the failure of the bus driver to slow down and take the necessary precaution on meeting other cars; the failure of the bus driver to allow sufficient space for the passage of the said meeting cars, notwithstanding the fact, that considerable space was available on the right side of the road; failure of the bus driver to sound the bus horn or give any warning to the automobile following the truck." Plaintiff claims $50,-000 on account of his injuries and prays for judgment against the defendants in solido.

Teche Transfer Company, Inc., for answer, admits that plaintiff was a paid passenger in its omnibus at the time of the collision, but all of the acts of negligence and fault alleged against it are denied.

The evidence shows that the omnibus in which the plaintiff was a paid passenger was going east on the Old Spanish Trail, and seven or eight miles east of Houma it met a truck going west. The name of the owner and driver of the truck is not stated nor disclosed by the evidence. Immediately behind the truck and going in the same direction came an automobile driven by Rev. C. W. Nicol. Just as the omnibus and the truck were passing each other, Rev. Nicol undertook to pass the truck and in so doing collided with the omnibus. The truck and omnibus passed each other in safety. Plaintiff's injuries resulted from the impact between the omnibus and the automobile which Rev. Nicol was driving.

■ The first question to examine is whether Teche Transfer Company, Inc., was at fault for the collision. In Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376, the court said: "Our conclusion is that the doctrine of the Hopkins-Spurlock and LeBlanc cases is correct in so far as these cases hold, that where a passenger is injured the burden of proof is on the carrier to show, that it was free from any negligence, which might have caused the accident; but that the doctrine of those cases is too broad, if such be their doctrine in holding, that the carrier can discharge such burden of proof only by showing how and why the passenger was injured, even though it does show, that the injury occurred through no negligence of its own."

■ The trial judge has stated the facts of this case in his reasons for judgment fully and accurately. Rev. C. W. Nicol, his heirs and successors, are not before us, so we refrain from comment on his act in suddenly leaving the wake of the truck, while it and the omnibus were passing each other, and making an attempt to pass ahead of the truck by running in between it and the omnibus as the truck was meeting and passing the omnibus, and confine our examination to the acts of the omnibus driver.

According to the evidence, when the omnibus driver first saw the truck coming meeting him, the automobile was some distance behind the truck. The distance was estimated at from one-quarter to a half mile but the automobile was seen to be coming much faster than the truck. As the truck and omnibus drew near each other, the automobile, driven by Rev. C. W. Nicol, got in behind the truck seemingly for the purpose of passing the omnibus. The omnibus, according to the evidence, swerved over as far on the right-hand side of the road in the direction it was going as the width of the road permitted with safety.

The evidence does not show that the omnibus was at any time driven faster than forty-five miles an hour, and the preponderance of the evidence is to the effect that it slowed down as the truck came nearer. The speed of the omnibus was not excessive and the omnibus driver could not foresee that Rev. Nicol would suddenly quit his place in the rear of the truck and endeavor to pass it as it was passing the omnibus, to do which required space for the omnibus, the truck, and automobile in the road at the same time, and the space necessary to that end was obviously lacking. The omnibus driver had no reason to suppose or suspect such a movement on the part of the automobile driver. His act was one of those things that no one would ordinarily look forward to or expect to take place.

■ It does not appear to be necessary to go into details concerning the testimony of the witnesses. It was about the middle of the day. The road was straight at that place. The vision of the omnibus driver ahead was not obscured. The plaintiff does not testify to any fault, wrongful or careless act on the part of the omnibus driver. He says that the omnibus driver did not sound his horn

when about to meet and pass the truck, but a vehicle when about to meet another does not have to sound a horn. The Act No. 296 of 1928, § 14, only requires that he sound his horn when about to pass another going in the same direction. However, the preponderance of the testimony is that the omnibus driver did sound his horn.

A witness named Robinson, who was riding in the omnibus, exonerates the bus driver from fault.

According to the testimony of Landry, the driver, he was not at fault. There was a lady passenger in the omnibus, but she was not a witness. Landry, the driver, testifies that the plaintiff admitted to him after the accident that he (Landry) was not at fault for the collision. The plaintiff, as a witness, did not deny making this statement to Landry. According to the testimony, the omnibus driver was in no way at fault for the collision in which the plaintiff was injured.

The judgment of the court rejecting plaintiff's demand against Teche Transfer Company, Inc., was therefore correct. Judgment affirmed. Plaintiff to pay the cost of the present appeal. The costs of the lower court to be taxed as ordered in the lower court.