**DUNAWAY v. MAROUN et al.**
No. 5522.

Court of Appeal of Louisiana. Second Circuit.

Oct. 29, 1937.

Rehearing Denied Dec. 3, 1937.

Writ of Certiorari and Review Denied Jan. 10, 1938.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

E. W. & P. N. Browne and D. H. Perkins, all of Shreveport, for appellees.

TALIAFERRO, Judge.

Plaintiff was seriously injured while riding as a guest in an automobile of Mrs. Alice Maroun while being driven by her major son, Lawrence, when it collided at night with a car owned and driven by W. L. Porter, on the concrete highway two miles south of Mooringsport, in Caddo parish. He sues Lawrence Maroun, Porter, and the United States Guarantee Company, Mrs. Maroun's insurer, for damages and for medical and hospital expenses incurred to relieve his injuries.

No specific acts of negligence are charged against either Maroun or Porter, and, in lieu thereof and as a basis for the action, the petition contains this article: "That petitioner was knocked unconscious and

does not know the cause of the accident, but shows that the doctrine of res ipsa loquitur is applicable and that W. L. Porter and Lawrence Maroun were both negligent."

All defendants deny liability. Maroun avers that he was driving his car at a reasonable rate of speed south, on his side of the road, and that it was sideswiped by the Porter car as it passed by from the opposite direction; that the Porter car was at the time driven carelessly and recklessly and zigzagged over the road as it approached; and that he had no chance to avert the collision if such were possible.

The insurance company's answer is virtually the same as that of Maroun. Porter lays the entire blame for the accident upon Maroun. He also avers that he was driving his car at a reasonable rate of speed well on his side of the highway and had it under complete control; that the Maroun car, driven at a terrific rate of speed for some cause as it approached him, and without signal or warning, swerved suddenly and sharply to its left side and in doing so struck this defendant's car.

All defendants deny that the doctrine of res ipsa loquitur may be appropriately applied in the case.

Plaintiff's demands were rejected and his suit dismissed. He has appealed.

At the inception of the trial all defendants objected to the admissibility of any evidence offered for the purpose of proving negligence on the part of either Porter or Maroun on the ground that the petition disclosed no right of action against these defendants, because no specific acts of negligence are alleged against them. The objection was overruled and the testimony admitted subject to it.

In the lower court, after trial and here, plaintiff's counsel concede that the maxim res ipsa loquitur cannot be properly applied to defendant Porter, and for this reason he has passed from the case. By the same token, if it cannot be properly applied to Maroun, the suit against him must also fall as the objection to the admitted testimony is otherwise obviously well taken. The judge a quo, in written reasons for judgment, expressed the personal belief that the doctrine has no proper application in motor vehicle collision cases, but in view of the cases of Dawson v. Toye Bros. Yellow Cab Co., 15 La.App. 326, 131 So. 716, and Thibodeaux v. Star Checker Cab Company, La.App., 143 So. 101, decided by the Orleans Court of Appeal, did apply it in the present case. However, he found that on the question of fact, Maroun had successfully discharged the burden of proof and had exculpated himself from any imputation of negligence as a cause of the collision.

We are quite clear in the opinion that this doctrine may not be properly applied in the present case. Plaintiff, an injured guest, carried the burden of making out his case to the same degree required for ordinary cases. The rule is the same. The lower court correctly remarked that both of the cases cited, supra, could have been pitched upon the public carrier doctrine, without any reference to res ipsa loquitur. In each of such instances, the nature of the showing required of plaintiff to make out a prima facie case is practically the same. See Wallace v. Shreveport Railways Company, La.App., 175 So. 86; the Supreme Court denied a writ in this case.

There has arisen a tendency by some of the courts of this state to extend this doctrine to cases and facts beyond the realm it was intended to operate. The rule arising from the maxim is an emergent one. It is one of evidence rather than of substantive law. But for it, in many cases, the injured plaintiff or his heir or beneficiary would be helpless to successfully enforce an action for damages justly due him; but the rule should be held to operate within the due bounds originally contemplated, and not allowed to bring about the shifting of the burden of proof in any case where not properly applicable.

Blashfield's Cyclopedia of Automobile Law & Practice, volume 9, §§ 6043, 6048, 6046, verbo "Res Ipsa Loquitur Rule," carries a cogent discussion of the doctrine in all of its phases, which he supports by citing decisions from many states of the Union. The following quotations excerpted from what he has to say, in our opinion, correctly reflect the operative effect of the rule in the respects mentioned, and apply to the facts of the present case:

"When both the apparatus and the operation of it are in the control of the defendant, and the accident is one which ordinarily could not happen except by reason of defects in the apparatus or negligence in its operation, a presumption of one or the other arises from the happening of the accident. However, there are exceptions even to this rule. The application of the rule

depends upon the circumstances in the particular case.

"The rule will not be applied where the evidence discloses that the injury might have occurred by reason of the concurrent negligence of two or more persons or causes, one of which was not under the management and control of the defendant. * ,* *

"It is only where the circumstances leave no room for a different presumption that the above maxim applies. It does not apply in any case where there is direct testimony as to the cause of the accident.

"The maxim of res ipsa loquitur does not apply in an action for personal injuries and damage to an automobile in a collision with a street car, nor to collisions between moving vehicles on the highway, nor will negligence be inferred from speed alone."

In the case at bar, five persons, besides plaintiff, were in the colliding cars. The collision was caused by the negligence of one or both operators. It was seen by all these persons and they testified in the case as to what they are supposed to have seen. Plaintiff says he was asleep at the time and knew nothing about the collision until awakened by the impact. Porter, his wife, and their companion try to fasten responsibility for the collision on Lawrence Maroun, while he and his father, who was riding beside him, absolve themselves from all negligence as a factor in the accident, and say that the Porter car is alone to blame. In view of these facts, beyond any question, the doctrine has no application. The facts disclose no exceptional features. The cause of the collision could have been and in fact was established by positive testimony to the satisfaction of the lower court, and to our satisfaction.

▬▬ Counsel cite and discuss the whole field of cases decided by our own Supreme Court and the Courts of Appeal in which this doctrine is urged. No good purpose would be served by burdening this opinion by citing, discussing, or trying to reconcile the patent inconsistencies of some of them with others. We will quote part of what we said in the case of Monkhouse v. Johns, 142 So. 347, 351, in the way of reaffirmance, as it is in line with what Blashfield says on the subject: "Res ipsa loquitur is a phrase which imports that in each case there must be something in the facts that speaks of the negligence of defendant; that is, that the thing which caused the injury was under the management of the defendant or his servants, and the accident was so unlikely to occur, if proper care had been exercised, as to justify an inference that it was due to some neglect of duty. The general rule is that the occurrence of an accident does not raise the presumption of negligence but, where the testimony which proves the occurrence by which the plaintiff was injured discloses circumstances from which the defendant's negligence is a reasonable inference, a case is presented which calls for defense."

The lower court held that Maroun's version of the accident was the correct one. We have also reviewed the facts of the case and have reached the same conclusion thereon as did the trial judge.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.