This suit arises from a collision between a public carrier bus operating between Jonesboro and Hodge in Jackson Parish, and an automobile, as the result of which two women passengers on the bus sustained serious and painful injuries. In this suit the plaintiffs are husband and wife, the latter seeking damages resulting from personal injuries and the former praying for reimbursement of expenses, loss of time necessitated by his wife's injuries, etc. The defendant is the liability insurance carrier of the bus line operator. This suit was consolidated for trial with Mrs. Myrtle Pondes Grissom v. Travelers Insurance Company, La. App., 41 So.2d 126. There was judgment in the consolidated cases in favor of defendant rejecting the plaintiffs' demands, from which the respective plaintiffs in the two suits have appealed.
The accident occurred between 6:30 and 7:00 o'clock on the morning of July 6, 1946, on the public highway between Jonesboro and Hodge. At the time the 18 passenger Ford bus belonging to C. M. Carter, who owns and operates a common carrier bus line between Jonesboro and Hodge, was engaged in traversing a narrow bridge approximately 96 feet in length and 18 feet 4 inches in width. The bus was proceeding in a northerly direction, and, traveling south on the same highway, an Oldsmobile automobile was approaching the bridge from the north. The Oldsmobile was followed by a Ford automobile at a distance of several car lengths, variously estimated at 20 to 30 feet. After the bus had entered upon and proceeded some distance across the bridge the driver of the Oldsmobile decreased the speed of his vehicle and brought it practically to a stop at a point a few feet from the north end of the bridge. The Ford automobile crashed into the rear of the Oldsmobile, throwing it violently into the left side of the bus just as the latter vehicle was clearing the bridge, the front end of the bus actually being some 5 or 6 feet past the end of the bridge at the time of the impact. Mrs. Elkins and Mrs. Grissom were thrown from their seats in the bus, sustaining the injuries for which redress is sought in these suits.
There appears to be no question as to the law applicable in this case and, concededly, the only question for determination is whether the driver of the bus was guilty of any negligence which would entitle plaintiffs to recovery on the basis of the application of the accepted general principle *Page 125 
that public carriers must be held to the highest degree of care and even the slightest negligence entitles passengers to recover.
In an excellent written opinion the learned Judge of the District Court analyzed the facts involved and reached the conclusion that the proximate cause of the accident was the negligence of the driver of the Ford car and that the bus driver did not contribute in any degree to the occurrence of the accident.
The specifications of negligence on the part of the driver of the bus, which are set up by plaintiffs, are briefly as follows:
1. Driving a heavily loaded vehicle transporting a large number of passengers at a speed of not less than 50 miles per hour over a narrow bridge.
2. In not keeping the vehicle under control under dangerous conditions where the danger could and should have been observed by a proper lookout.
3. In driving on the wrong side of the highway.
4. In failing to stop or slow down before attempting to negotiate the crossing of a narrow bridge in the face of the vehicle approaching from the opposite direction.
5. In failing to make an attempt to avoid the accident.
6. In not acting in a reasonably prudent manner while operating a loaded passenger bus of more than average width under dangerous conditions.
The District Judge found, which finding we believe is abundantly supported by the record, that the bus was being operated at a speed of approximately 35 miles per hour, which was not excessive under the circumstances, which finding disposes of the first specification of negligence.
Nor does the record substantiate the contention next made. The bus was under control and the driver did see the approaching vehicles.
There is considerable conflict as to whether the bus was partially across the center line of the highway over the bridge. Considering the testimony in the light most favorable to plaintiff, if any part of the bus extended past the center line the degree was extremely slight and is not shown to have been a factor contributing to the accident.
We know of no rule or interpretation of law which would require the driver of a bus to reduce his speed below 35 or 40 miles an hour or to stop before crossing a bridge, which is ample in width for the passage of a vehicle approaching from the opposite direction, particularly when, under the facts of this case, the bus had negotiated a considerable distance in its passage over the bridge before the other vehicle approached the far end thereof.
The charges that the driver of the bus made no attempt to avoid the accident depends upon the conclusion that the happening of an accident was evident, which consideration is not sustained by the weight of the evidence.
Finally, there appears to be no support of the contention that the bus driver failed to act in a reasonably prudent manner.
There was nothing excessive with respect to the speed of any of the vehicles involved. Both the bus and the Oldsmobile were under complete control of their respective drivers. The impact of the collision disrupted the braking system of the bus, which accordingly was brought to a stop after the collision some two or three hundred feet down the highway.
The preponderance of the evidence in this case indicates that the Oldsmobile was not brought to a sudden or abrupt stop but that its speed was gradually decreased and it was almost at a complete standstill within some five or ten feet from the entrance of the bridge when it was struck by the following vehicle. It seems evident to us that the driver of the latter car was guilty of extreme negligence either in not keeping a proper lookout or in driving so closely behind the Oldsmobile that he could not bring his car under control, or both. In any event, as was found by the District Judge, we think that the negligence of the driver of the Ford automobile was the sole and only cause of the accident.
The only remaining points worthy of comment deal with the charges that the driver of the bus allowed his vehicle to *Page 126 
partially encroach upon the wrong side of the highway and that he failed to perceive the imminence of an emergency. The attempt was made to substantiate the first charge by testimony to the effect that the driver of the bus attempted to avoid a rough spot in the bridge pavement, located at or about the center line thereof, by pulling over to his left. Even conceding that the driver took such action it appears to be well established by the testimony that the hole which the driver sought to avoid is located toward the south end of the bridge, past which he had proceeded some little distance at the time of the accident. Unquestionably, there was sufficient space to have permitted him to bring his vehicle back to the proper side of the highway. The testimony of the driver is very frank on the point and he states that his bus may have extended a little over the center line but his further testimony is very logical on the point that the driver of the Oldsmobile had slowed down in order to permit the bus to clear the end of the bridge, a maneuver which had been almost completed. The bus driver further testified that if the driver of the Oldsmobile had continued to approach and enter upon the bridge he could and would have given additional room for passage.
It is our view that under the circumstances the bus driver was completely justified in assuming that the driver of the Oldsmobile intended to permit him to clear the bridge and, in truth, this fact is definitely established by the testimony of the Oldsmobile driver. Under these circumstances, certainly the driver of the bus cannot be convicted of negligence in this particular.
It would be unreasonable to hold that there was anything open to the view of the bus driver which would or should have warned him that the Ford automobile would crash into the Oldsmobile and cause an accident. There was nothing unusual in the view that was presented of two cars approaching on the highway, nor was there any fact or circumstance which presaged the occurrence of an accident. There were no physical conditions at the time which had any bearing upon the question of negligence. The weather was clear, visibility good, the road straight for a considerable distance on either side of the bridge, and the surface dry. Just what the driver of the bus could or should have done under the circumstances is not indicated. Even if he had been completely on the right side of the bridge, to the greatest possible degree, this maneuver could not have prevented the Ford car crashing into the automobile which was already being brought to a stop.
We are quite in accord with the findings of fact and the conclusions reached by the District Judge. Plaintiff has failed to establish any fault, blame or negligence, even in the slightest degree, attributable to the driver of the bus. As was observed by the District Judge in his opinion, the testimony of a number of the witnesses is convincing on the point that there was nothing the driver could have done to prevent the accident.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.