AYRES, Judge.
This is an action in tort resulting from the collision of a Continental Trailways passenger bus and a Chevrolet automobile driven by James Gatlin. One of the plaintiffs, Mrs. Rauschkolb, who was a passenger on the bus, sought compensation for physical pain and suffering and for total disability as the result of injuries allegedly sustained by her, and her husband, another plaintiff, prayed for reimbursement for medical and other expenses incurred by reason of and incidental to his wife’s injuries. -The other plaintiff, Ernest Cooper, was a guest passenger in the vehicle colliding with defendant’s bus. He sought compensation for loss of wages, medical, hospital and other expenses for professional treatment, and for physical pain and suffering and for permanent, total disability. The defendant is the Continental Southern Lines, Inc., owner and operator of the bus at the time of the accident.
From an adverse judgment plaintiffs appealed.
The accident complained of occurred about 2:30 A. M. March 5, 1954, on a bridge on U. S. Highway 171, a concrete paved highway of the usual and customary width of 18 feet. The bridge had a width of 24 feet and the highway as it approached the bridge gradually increased to said width. The bridge was approximately 550 feet in length, with guard rails on either side. At the time of the accident and for some time prior thereto, it was and had been snowing heavily. The bridge was covered with an inch and a half to two inches of snow and ice. This condition, however, did not exist except on the bridges. Immediately prior to the approach of the bus from either direction, the highway was straight for a considerable distance. The bus was traveling north en route from Lake Charles to Shreveport. The Chevrolet car was traveling in the opposite direction. The collision occurred some 50 to 100 feet south of the north end of the bridge.
Defendant’s bus driver was charged with negligence in these particulars:
(1) Traveling at an excessive rate of speed under the circumstances;
(2) Failing to keep a proper lookout;
(3) Blocking both lanes of travel with a vehicle approaching from the opposite direction, and
(4) Failing to apply his brakes in an effort to prevent the collision.
The sole question for determination is whether or not defendant’s driver was guilty of negligence, even of the slightest degree, which was the cause or a proximate cause of the accident. This presents solely for determination a question of fact..
*89 There is no contention as to the law applicable to such a situation. While a carrier of passengers is not an insurer, it is required to exercise the highest degree of care, vigilance and precaution for the safety of those it undertakes to transport and is liable for the slightest negligence. 10 lAm.Jur., p. 163, “Carriers”, § 1245; 13 C.J.S., Carriers, § 676 et seq., p. 1253. In many cases the fact of the occurrence of an accident and the sustaining of an injury to a passenger gives rise to the presumption that the carrier was negligent inasmuch as under ordinary conditions, with proper direction and control, motor buses do not collide with other vehicles. Oppenheim v. Toye Bros. Yellow Cab Co., La.App., 7 So.2d 420; Hamburger v. Katz, 10 La.App., 215, 120 So. 391; Dawson v. Toye Bros. Yellow Cab Co., Inc., 15 La.App. 326, 131 So. 716.
It was appropriately stated in Oppenheim v. Toye Bros. Yellow Cab Co., supra [7 So.2d 421]:
“This so-called highest degree of care imposed upon the carrier is said to be affected by the character of the conveyance, the usual course of its business, and the hazards growing out of particular situations. While it is unquestionably true that a passenger must take the risks incident to the mode of travel and the character of the means of conveyance which he selects, such risks are only those which cannot be avoided by the carrier by the use of the utmost degree of care and skill in the preparation and management of the means of conveyance. See American Jurisprudence, Vol. 10, pp. 163, 171 and 172.
“It is also well established in our jurisprudence that, where a passenger is injured in an accident and has failed to reach his destination in safety, the burden is on the carrier to prove itself free from fault, but it is not required to show how and why the passenger was injured in order to bar recovery. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Dillon v. New Orleans Public Service, Inc., La.App., 170 So. 406. To the same effect see Bynum v. City of Monroe, La.App., 171 So. 116; Wark v. New Orleans Public Service, Inc., La.App., 168 So. 797; Hughes v. Baton Rouge Electric Co., La.App., 188 So. 473.
“In the use of public highways and streets, it must be conceded that, besides other risks which are attendant to that mode of travel, one of the greatest hazards is that of collision. Where such is the case, if the carrier is free from fault and the accident has been occasioned exclusively through the negligent act of a third party using the highway, then the carrier is not liable to its passengers who may be injured thereby. Gager v. Teche Transfer Co., La.App., 153 So. 69. In Gonzales v. Toye Brothers Yellow Cab Company, La.App., 198 So. 379, 381, involving an accident resulting from an emergency, we said:
* * * where the cause is claimed to be a sudden emergency created entirely by some third person, the carrier is under the necessity, if it would absolve itself from liability, of showing that neither it nor any of its employees was in any way involved in the creation of the emergency and also that the operators of the vehicle in which the passenger was riding did all that they could (even though it was not the best thing) to prevent the accident.’ ”
Citing Gager v. Teche Transfer Co., Inc., La.App., 153 So. 69, the Court of Appeal for the Parish of Orleans in Matteson v. Teche Greyhound Lines, La.App., 178 So. 272, 273, through Judge McCaleb, now Associate Justice of the Supreme Court, as the author of the opinion, stated;
“It is plain that a carrier by omnibus, because of its use of the public highways, is subjected to many more hazards of travel than a railroad. It is also certain that a person electing to use an omnibus in preference to a railroad assumes those risks which *90 are ordinarily attendant to that mode of travel. One of the greatest hazards encountered by travel on the public highways is that of collision and if the carrier by omnibus is free from fault and an accident occurs exclusively through the negligent act of a third party using the highway, then the carrier is not liable to .its passengers ' who may be injured thereby.”
See also Elkins v. Travelers Indemnity Co., La.App., 41 So.2d 123.
With these principles in mind, attention is next' directed to a determination of the facts as 'disclosed by the- evidence in' the record. The material facts, about which there appears to be little'or no dispute, require no detailed discussion. The'record in our opinion fairly establishes these facts:
The speed of the bus was approximately 45 miles per hour, but on the approach, to the bridge the speed was reduced to approximately -35 miles per hour. ' Inasmuch as preceding bridges were snow ‘ and ice covered, the driver had reason to and perhaps did anticipate the presence of a similar ; condition on this bridge. ‘ After proceeding about ■ three-fourths 'of the distance .across the bridge, the driver saw the. approach of the oncoming car-and, when within'a distance of 75 to 100 feet, he anticipated from the speed of the Chevrolet that that vehicle might have difficulty, and,, therefore, he again reduced his speed by gradual application of his brakes in such a. manner as to prevent skidding, remaining always on his extreme righthand side of the bridge and within 12 to 15 inches of the railing. Due, no doubt, to the realization of his excessive speed under the circumstances, Gatlin, the driver of the Chevrolet, applied his brakes, lost control of his car on the snow and ice covered bridge, skidded it sidewise and collided with the bus, which was moving at the time at a very moderate rate of speed of from 15 to 20 miles per hour. The Chevrolet swung around to the rear of the bus, hung up in the guard rail and faced the north, the direction from which it came.
The physical facts, as disclosed by the record, show that the bus was at all times while on said bridge on its extreme right-hand side and as near as it could get to the railing. Plaintiff’s contentions that the bus driver failed to keep a proper lookout, blocked both lanes of travel and failed to apply his brakes are not only not supported by the evidence but are disproved thereby. The only remaining contention of negligence on the part of the driver is that of excessive speed under the circumstances' existing at the time and as detailed here-inabove. This contention likewise finds no support in the evidence.
' The accident was due to the fault and negligence of Gatlin, driver of the Chevrolet automobile, who was ■ proceeding at a rate of -55 to 60 miles per hour, a reckless and excessive speed under the conditions and circumstances prevailing at the time. His sudden application of brakes as he approached the bridge covered with snow and ice caused him to lose control of his car and it to skid into the bus. The rate of speed of the bus is not shown to have been excessive under the conditions and circumstances prevailing at the time or that such speed of the bus had any causal connection whatsoever with the occurrence of the accident. The highway was of a standard width, increasing to 24 feet as it approached . and traversed the bridge. There was more than ample room, with the bus on its extreme righthand side, for thej automobile to have proceeded in safety and which it no doubt would have done except- for its own speed and the negligence of its driver in suddenly applying the brakes, losing control of the car and permitting it to skid on the snow and ice and into the bus and finally into the guard rail, where it was stopped. The record fails to establish any fault, blame or negligence, even in the slightest degree, attributable to the driver of the bus. There is no suggestion as to what the defendant’s driver may or could have done to prevent the accident
From a consideration of the entire record, no other conclusion could be reached *91 except that defendant’s driver was free from fault and the accident was occasioned -exclusively through the negligent acts of James Gatlin, a third party, and that, accordingly, defendant is not liable for the injuries which may have been sustained by any of its passengers or by any guest passenger of the offending automobile.
Finding no manifest error in the judgment appealed, it is affirmed at plaintiffs’ •costs.
Affirmed.