Nos. 14,281, 14,222.

| | |
|---|---|
| 107 | 333 |
| 110 | 885 |

HENRY J. SANDERS vs. W. O. DITCH ET ALS.

### SYLLABUS.

1. A devolutive appeal lies to test the legality of the action of a judge in refusing to allow a defendant to bond an injunction.
2. The refusal by the court of an application of the defendant to bond an injunction does not bar a second application later nor is an oppeal from the second refusal barred by a failure to appeal from the first.
3. The District Court could have legally ordered, *ex officio*, a judicial sequestration of the property in litigation and have ordered the continuance of the same, until the rights of the parties should be decided. (C. P. 273-274.) It could, therefore, properly decline to allow the defendant to bond an injunction which plaintiff had had taken out which had the effect of maintaining the *status quo* during the suit. The court can still order a sequestration, or it can increase the injunction bond if the rights of parties can be better secured.

APPEAL from the Twenty-Third, Judicial District, Parish of St. Mary—*Allen, J.*

---

*Foster, Milling, Godchaux* and *Sanders,* for Plaintiff, Defendant, in exception, Appellee.

---

*Charles A. O'Neill* and *Don Caffery & Son,* for Defendants, Plaintiffs, in exception, Appellants.

---

### STATEMENT OF THE CASE.

The opinion of the Court was delivered by

NICHOLLS, C. J. The plaintiff in his petition alleged that he was the owner under titles which he set out of certain described property which was heavily timbered, the main item of same being cypress timber thereon, the said land and timber being worth the sum of Five Thousand Dollars.

That W. O. Ditch and Joseph Norgress were trespassers upon said land and denuding it of its valuable timber against the protest of petitioner; that they by their own acts or through their servants, agents or representatives had gone upon the said land and were cutting and removing all the cypress timber thereon situated, very rapidly; all of which they had done and were doing in utter disregard of petitioner's rights, without any warrant in law or title to said land; that they had carried away and pulled off a large quantity of the timber, amounting to about four hundred and fifty thousand feet (450,000), which was well worth the sum of thirteen hundred and fifty dollars ($1350.00), and had a large quantity of the logs which were pulled from said land stored in the lake adjoining the said land, which the said Ditch and Norgress would remove at an early date, unless restrained by order of the Court.

That all of said logs, together with the logs removed from said land and sold by Ditch and Norgress, were his property, he having acquired all the rights of Cocke, and Cocke having acquired all the rights of the heirs of Martin, the original owner, and by this illegal trespass he had been greatly damaged in the sum of five hundred dollars ($500.00) attorneys' fees, having been forced to employ counsel to defend this suit, and the further sum of five hundred dollars ($500.00), for the illegal trespass.

Petitioner further showed that the value of the said land consisted in the cypress timber situated upon it, that the cutting and removing of same would cause petitioner irreparable injury, and that all of said timber would be cut and removed by the said Ditch and Norgress, their servants, agents and representatives, unless restrained by a writ of injunction duly issued out of this Court.

In view of the premises petitioner prayed that a writ of Injunction issue directed against Willard O. Ditch and Joseph Norgress, their servants, agents or representatives, restraining and prohibiting them from further trespassing upon the land above described and restraining and prohibiting them and each of them from pulling, floating, removing or rafting any of the cypress logs standing or lying upon the property above described, and restraining and prohibiting them from removing the logs now situated in the lake adjoining said land until further orders of this Court.

And on final trial he prayed that the writ of injunction herein issued be perpetuated, that petitioner be decreed to be the owner of the land

above described, together with the cypress timber pulled from said land, and now stored in the lake, near said land, and for further judgment, *in solido*, against said Ditch and the ($1350.00), for the value of the timber pulled from said land and disposed of by the said Ditch and Norgress, and the further sum of one thousand dollars ($1000.000) damages as above set forth, together with five per cent per annum interest thereon from judicial demand. He prayed for all orders necessary and for general and equitable relief and costs.

The Court ordered an injunction to issue as prayed for in plaintiff's petition, on plaintiff's furnishing the bond in the sum of seven hundred dollars. Bond was executed and an injunction issued and served.

Plaintiff filed a supplemental petition in which he averred that when he filed his first petition he averred there was a large quantity of logs pulled from his land and stored in the lake adjoining the lands, and he secured the injunction restraining and prohibiting the said Willard O. Ditch and Joseph Norgress, the defendants, their servants, agents and employes, from removing of same or disposing thereof.

He showed that between the time the injunction was issued and the same was served, that about three hundred and forty of said logs were removed by the steamboat called the Albert Hanson; that the same are being towed to the mill of the Albert Hanson Lumber Company, Limited, by the steamboat Albert Hanson, which belongs to said company.

That the Albert Hanson Lumber Company, Limited, was aiding, assisting and abetting the said Willard O. Ditch and the said Joseph Norgress in depleting the said land of its timber and in removing the same from the land and the lake adjoining said land, and it was necessary that the said Albert Hanson Lumber Company, Limited, a corporation organized under the laws of Louisiana, through its President, Albert Hanson, be made a party defendant to this injunction restraining and prohibiting it, its agents, servants and employees, from in any manner disposing of the logs above named, which said company, through its agents and representatives, had removed from the lake.

He adopted all and singular the allegations and prayer of his original petition, and filed this supplemental and amended petition for the purpose of making the said Albert Hanson Lumber Company, Limited, a party to this suit, and for the purpose of securing an injunction

against said company, restraining and prohibiting it from removing or disposing of the logs in controversy.

In view of the premises, petitioner prayed that this amended petition be filed and allowed, that there be service of same upon Willard O. Ditch and Joseph Norgress, and that there be service of this and the orginal petition, together with citation upon the Albert Hanson Lumber Company, Limited, through its President, Albert Hanson, and on final trial, he prayed for judgment as in his original petition. He prayed for all orders necessary and for general and equitable relief.

The Court ordered the Albert Hanson Lumber Company, Limited, to be made a party to a writ of injunction to issue against it as prayed for in plaintiff's petition, on plaintiff's giving bond in the sum of five hundred dollars. The bond was furnished and the injunction was issued and served.

The Albert Hanson Lumber Company, Limited, filed a petition, in which alleging that the timber which they had been enjoined from using, was movable property in its possession and had never been in possession of the plaintiff, that it would deteriorate unless properly sawed and converted into manufactured stuff, prayed that it be permitted to manufacture the logs into lumber and enjoy its possession thereof, and enjoy the rights of ownership, which it was enjoined from exercising, upon furnishing bond in such sum as the Court might fix. Upon reading this petition the Court ordered that the applicant be relieved from the injunction issued against it upon furnishing bond in the sum of eighteen hundred and ninety dollars. The bond was furnished as required.

The defendants, Ditch and Norgress, next applied to the Court for permission to bond the injunction under Art. 307 of the Code of Practice, on the ground that it appeared on the face of the petition that the act prohibited was not such as would work irreparable injury to the plaintiff, that the land of which he claimed to be the owner was alleged by him to be worth $5,000, and, therefore, the pretended injury would be reparable by money compensation, the amount of which was fixed by plaintiff's allegations, that applicants to bond were at the time of the filing of plaintiff's suit, in possession as owners of the property mentioned in the petition, and plaintiff did not allege that he was in possession or had possession of the same. On the 24th of May, 1901, plaintiff was by the Court ruled to show cause on the 29th of May, why the injunction should not be bonded as prayed for upon this

rule. After hearing, the Court rejected the application. On the 5th of June, the defendants filed what they styled an exception or contingent answer, should the exception be overruled, in which they averred that the plaintiff was attempting to enforce a litigious right, purchased by Albert R. Cocke, a deputy sheriff of the court, from the heirs of W. C. C. Martin, and purchased by the plaintiff from said Cocke, with full knowledge of his official capacity, that the sole object of the transfer by Cocke to plaintiff was because both parties knew the pretended rights could not be exercised without undergoing a law suit, that they both knew before either or both purchased the rights from the Martin heirs, that they could not be exercised without undergoing a law suit, that defendant, Ditch, was in full and absolute possession of the property on which defendants were enjoined from cutting timber, under a good and valid title translative of property duly recorded, and that he possessed as owner before the transfer of said pretended rights to Cocke, and that Cocke and the hei s of Martin had never had any character of possession of the land on which defendants were enjoined from trespassing, and that the plaintiff had never had any character of possession thereof since his purchase from Cocke, that any rights which the heirs of Martin may have had had become absolutely null and void, if the court should hold that same be not null, and that they still existed, they pleaded in the alternative, that they had the right to be released from the litigation, on paying the real price of the transfer $1650, with interest which they were well willing to do, if the alleged rights be not annulled and held to really exist. They prayed that the suit be dismissed and the injunction dissolved.

This pleading was over plaintiff's objection taken up as a peremptory exception and evidence adduced, but before the testimony was closed, the term of Court ended and further consideration of same was continued. Defendants then presented another petition to dissolve the injunction which the Court again refused on the 9th of September. In its reasons for this action, the Court said:

"In this application defendants aver that by persistently and constantly trying to introduce evidence affecting the merits of the demand and not pertinent to the question of his having bought a litigious right, the plaintiff has caused the trial of the peremptory exception now pending to be postponed until next October, to the grave and serious injury of defendants and to their deprivation of a speedy trial."

They aver "that on the trial of the original motion to bond, the plaintiff averred that his action was one purely of trespass, and not a petitory action; that since the refusal to bond, the plaintiff has admitted and shown that he had not the possession essential to enable him to retain the action of trespass, and that in order to maintain his position in Court, plaintiff now judicially claims through counsel that his suit is a petitory action, and that in neither case is an injunction legal."

The remaining grounds urged are the same as urged in the orginal application.

The defendants are sued as trespassers; as trespassers they are enjoined from denuding the land and cutting and taking from it the cypress timber which alone gives the land enhanced value.

Under the allegations of the petition, the injunction rightfully issued, if these allegations are true, and for the purpose of this motion they are taken as true, the Court could not le_ally turn over the property to a trespasser, to denude and cut from and appropriate the timber thereon.

To cut and work up the timber is the avowed purpose of the defendants, for their complaint against the writ is that it interferes with their large milling interests.

It is true that they state in their motion, that they possess the property by virtue of a recorded title. The sworn allegation of the petition declares that they are trespassers; an averment that only amounts to a denial of this charge, does not give the right of itself to bond.

The plaintiff alleges ownership and swears to it, and charges defendant with committing an offense by devastating his property, and obtains an injunction, the defendant denies the charge, alleges possession on the strength of a recorded title, and asks to dissolve on bond.

The interest of each party is to have the property preserved to him; the law certainly considers that it is to the best interests of him to whom the property may ultimately be adjudged to maintain the *status quo.*

The dissolution of the injunction on bond will destroy it, because the avowed purpose in seeking to dissolve is to divest the land of all the cypress trees growing thereon.

If the *status quo* cannot be preserved by the writ of injunction, the law provides other and more certain remedies to preserve it.

Defendants, however, claim that they have a right to bond the injunction under Article 307 of the Code of Practice, because the act prohibited is not such as may work irreparable injury to the plaintiff; this Article declares in effect, that when the injury is reparable in money, the Court may in its discretion dissolve the same, etc. They contend that plaintiff has fixed the money value of the property when he says that it is the timber that gives value to the land and that the timber and the land are well worth five thousand dollars.

The plaintiff contends that this allegation was made to fix the jurisdiction. Be that as it may, assume that the value of the property is five thousand dollars, does it follow that because real property is given an expressed value by the alleged owner in an injunction proceeding wherein he sues to protect it against an all ged trespasser, that the latter has the right to dissolve the injunction on bond in the amount fixed, and then take possession of and change the character of the property? In other words, can the owner be forced to part with his real property in an *ex parte* proceeding, even at the value which he himself has placed upon it?

Now the defendants are frank enough to admit that they do not intend, should they be permitted to bond the property, to return in its present condition, but they intend to convert it for milling purposes; Article 307 of the Code declares that the bond is a security that he will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction. Defendant contends that the bond stands in lieu of the property, and for damages done to the property if this be so, then plaintiff if he is successful in the present suit will be compelled to bring another action to recover on the bond.

This brings in application the following principle of law. If the dissolution of an injunction bond may have the effect to compel the plaintiff to institute a new action on the bond after the determination of the suit, it may so change the condition of the parties that the final judgment in the case will not end the controversy. 23 A. 51; 12 Ann. 455.

Where the consequences of an interlocutory order are such as they cannot be remedied by a final decree and the party will be driven to another action to obtain his rights, it is irreparable injury.

Defendant contends that this law does not apply to this case; yet it seems clear that the same principle of law is involved here as was applied in the case cited in 23 Ann. 51.

The condition of the security required by the Code of Practice, Art. 307, is the reurn of the property in the same state and the payment to plaintiff all damages he may have sustained by this act.

Defendants also contend that the injunction should now be dissolved on bond, because, as they contend, on the partial trial of the said plea of nullity, wherein they seek to dissolve the injunction, on the grounds that in purchasing the land plaintiff knowingly purchased a litigious right; it is shown that the action is not one of trespass, but a petitory action; and that plaintiff, through his attorneys, judicially claimed the same, in order to maintain his position in Court; and that on the trial of said plea of nullity the plaintiff persistently delayed the trial thereof by seeking to introduce evidence of title which caused the matter to go over, to their great injury.

I think that this matter must be considered from the face of the papers and not on the incomplete testimony introduced on a partially tried exception or motion to dissolve. My remembrance during the argument of this motion, that plaintiff's attorney contended that from the averments of his petition that defendants stood before this Court as trespassers, as violators of the criminal statutes of the State, and that no law permits a person to bond an injunction under such circumstances.

It is not regular to decide this matter on the incomplete evidence had on the partial trial of the exception; it may be that when that trial is concluded, the Court might dissolve the injunction for the causes therein alleged, but this matter must be received from the standpoint of its own merit.

It may ultimately be shown that the lines sworn to by Ditch embrace the property in contest. He swears on the trial of the exception that they do; Sanders swears that they do not; Sanders swears that even if the lines are drawn just as claimed by Ditch they would not reach the property in dispute by some distance.

The Court cannot conclude this matter, by what is incomplete and inconclusive in another matter.

The property in dispute is real property.

The injunction is levelled against defendants as trespassers, prohibiting them from cutting trees thereon and wasting that which gives value to the land, the growing timber.

The law favors the *status quo* even in contests for the ownership of land.

Article 307 of the Code of Practice requires the return of the property in the same state as it was when the injunction issued; the avowed purpose of defendants, if the injunction is dissolved on bond is to cut the timber and convert it into lumber for commercial purposes, which may give rise to another action to settle ultimately the rights of the parties; therefrom, after a careful consideration of this second application to dissolve the injunction on bond, a consideration which has been more careful on account of the earnestness and ability with which the second application has been presented, I feel that I cannot in the exercise of that legal discretion with which the law invests me, grant the application.

The application to dissolve on bond the injunction sued out in this case is hereby refused."

On the 14th of October, the Albert Hanson Lumber Company was granted at chambers an order for a devolutive appeal from this judgment returnable on the 18th of November. A bond was executed as required by the order.

On the 17th of December, 1901, the defendants, Ditch and Norgress, applied by petition for and obtained an order for a devolutive appeal from the same judgment returnable on January 2nd, 1902, on furnishing a bond for two hundred dollars. Citation of appeal was served personally on the plaintiff on the next day, the 18th of December. The appeal bond was executed and filed in the clerk's office of St. Mary on January 2, 1902.

Plaintiff moved to dismiss the appeal taken by the Albert Hanson Lumber Company, on the grounds that it had no rights affected by the judgment of the Court, nor any interests in the judgment of the Court refusing to bond, that so far as it had any interests in the matter, they were unfavorably acted upon by the Court. The ground is well taken. That company was accorded by the Court the full relief which it claimed and asked to have accorded to it in the premises. The appeal taken by it is dismissed.

Plaintiff asked that the appeal taken by the defendants be dismissed, on the ground that no appeal lies from an interlocutory order of the District Court refusing to dissolve an injunction on bond, in a case of this character. That no irreparable injury can be worked to defendant and appellant by the refusal of the Judge to bond the injunction, that the dissolution of the injunction on bond is left to the discretion of the Court, and no appeal lies from the exercise of that power, especially

when the object of the dissolution of the injunction is to change the possession thereof in the immovable property, and place the possession thereof in the party defendant who is sued as a trespasser upon the property.

That the defendants, Ditch and Norgress, applied to the District Court on May 25, 1901, to dissolve said injunction on bond, that the Judge upon trial, refused to bond the same; that no appeal was taken from said judgment, but on the contrary all parties interested acquiesced in said decree, and subsequently filed what is termed a peremptory exception, but really an answer to the demand of plaintiff and proceeded to trial upon said exception, and to the taking of evidence thereunder, and while said exception was still on trial on the 19th of July, 1901, and without appealing from the judgment rendered refusing to bond, defendant made this second application to dissolve, and the same being refused, this appeal was taken from said judgment, that the issues involved in said application are the same as those presented in the first, and having acquiesced in the first and failing to appeal therefrom, they are barred by their conduct and the judgment rendered upon the first application.

That the defendants on the trial of the said exception having declared and admitted to the Court that the object of the dissolution of the injunction was for the purpose of allowing them to take possession of the land in controversy, and to cut and denude and remove the timber therefrom, appellants are estopped from declaring that they sustained irreparable injury by the judgment, or from claiming the right to appeal under Art. 307 of the Code of Practice.

The claim on the part of the appellee that the defendants are not entitled to appeal for the reason that the injunction does not work them an irreparable injury, assumes the very fact which it is the object of the appeal to have tested. They were entitled to refer the matter to this court, leaving to it to decide whether or not they were entitled to bond under the pleadings. We do not think that by not appealing from the first refusal of the court to allow them to bond, they lost their right to renew their application to bond at a later period by reason of their supposed acquiescence in the correctness of the original refusal. That judgment, if it can be so termed, was interlocutory in character and subject to modification or complete alteration later. It frequently happens that action of some kind, improperly asked and properly refused, can at a later stage be properly asked and granted.

It is evident that defendants believed that the court had come to a knowledge of the facts, through the evidence which was adduced upon the trial of the other exception, which might influence its judgment in determining whether they were warranted in having the injunction bonded, but the judge declined to act upon partial evidence taken on a separate issue, and ruled against the defendants, evidently on the face of the papers, and it is from that standpoint we also must act.

Defendants urge that they are in full possession of the property on which they have been cutting timber in good faith under an act translative of property duly recorded. Plaintiffs assert, on the other hand, that they themselves are the legal owners of the property, and that the acts which defendants rely upon as acts of ownership and possession under a title are in fact acts of trespass; that defendants are trespassing upon his property. Defendants unquestionably hold a title to some property, but the very question at issue is whether it is this particular property or not. That matter can be determined only after a trial upon the merits. Defendants do not claim that the acts upon which they rely as acts of ownership and possession antedate the bringing of this suit by a year and placing them in a position to be considered provisionally as owners in possession under Article 3454 of the Civil Code.

The lands involved in this litgation are evidently swamp lands, of which neither party has had nor has now actual continuing corporeal possession. We do not think the owners of such lands have to be or to have been in the actual corporeal possession of the same as a condition precedent to protecting their rights therein by injunction from the acts of parties alleged to be depredating upon the same by cutting down the timber thereon as trespassers.

Defendants press upon us, earnestly and with force, that if, in point of fact, they are the owners of the land and entitled to cut the timber, plaintiffs have summarily, by means of a small bond, checked them in the prosecution of their lawful business (if they have not put an end), to very extensive operation, in which, at great expense, they have been engaged. The bond demanded of the plaintiffs by the court impresses us as being entirely too small to sufficiently protect the defendants' interests, if their claims of resulting damage are well founded, but they have made no attempt to have the bond increased by the court or made any showing in support of an increased bond. They would be entitled to make such a showing in the District Court

and to have the bond increased, if not sufficient. Defendants urge upon us that the timber which has been cut and is lying upon the ground is being daily damaged and deteriorated, and they ought to be permitted to take charge of and have it manufactured. Plaintiffs, on the other hand, urge that if the defendants take possession of it, they will never be able to recover its value. It will be noticed that the defendants do not seek to bond the injunction partially so as to enable them to take possession of the timber lying upon the ground, but demand to have the injunction bonded as a whole, which, if allowed, would authorize the continuing of their cutting the timber. We think the occasion a proper one for the exercise by the court of its power under Articles 273 and 274 of the Code of Practice, to order *ex officio* a judicial sequestration of the property and to order the sale of the felled timber upon the ground, if in fact it is being damaged, unless other remedies in the premises are sought by the defendants. This case closely resembles that of State *ex rel.* Dowdell vs. Allen, Judge (105 La. 167). We do not think, however, we are called upon, as matters stand, to do more than deal with the particular order appealed from. We cannot say that the court erred in the exercise of the discretion conferred upon it by Article 307 of the Code of Practice, and therefore, and for the reasons assigned, the action in the premises is hereby affirmed.