ST. PAUL, J.
 

 This is a suit for damages. The case is thus succinctly stated by the district judge: “In this case it is proved that the plaintiff was a passenger on the defendant’s car; and it is proved that as she was alighting at her destination she fell and received serious injuries. In her petition she charged the defendant with fault and specifies it to be that as she was alighting the car started forward negligently so as to throw her to the ground. . I think the evidence in the case, by prepon
 
 *98
 
 deranee, fails to establish this allegation. * * * On the whole, I fin'd it to be a fact that the car did not move as the plaintiff was alighting from it.”
 

 The Court of Appeal did not find the facts differently; and our own conclusion is that the facts have been correctly found.
 

 Such being the facts, the defendant has shown that it was free from negligence; and hence should be discharged.
 

 But both the trial court and the Court of Appeal found for the plaintiff on the theory that it had been decided by this court in Hopkins v. N. O. Railway & Light Co., 150 La. 61, 90 So. 512, 19 A. L. R. 1362, that it was not. sufficient for the carrier merely to show that he was free from negligence, but that in order to do so must show affirmatively the exact cause of the accident.
 

 That theory is correct as to goods and merchandise delivered to a carrier. R. C. C. art. 2754 ; Lehman v. R. R. Co., 115 La. 1, 38 So. 873, 70 L. R. A. 562, 112 Am. St. Rep. 259, 5 Ann. Cas. 818. But it is not true as to passengers. What this court meant to hold in the Hopkins Case as also in Le Blanc v. Sweet, 107 La. 335, 31 So. 766, 772, 90 Am. St. Rep. 303, and Spurlock v. Traction Co., 118 La. 1, 42 So. 575, was that, where a passenger was not safely carried to his destination, the burden of proof was on the carrier to show that it was free from negligence. If the language of those cases goes beyond this, then it is too broad and should be restricted. Thus in Le Blanc v. Sweet, the court said “We are of opinion, therefore, that the means provided by the officers of the Olive for effecting the transfer of their passenger, Miss Le Blanc, were not commensurate with the danger to which she was subjected, and we fail to find anything in her conduct to relieve the owner of the boat from liability for the con-sequences.” So that having found the defendant negligent and the plaintiff free from contributory negligence, it was unnecessary for the court to add that “it is for the carrier, and not the passenger, to prove what negligence, and whose, prevented the fulfillment of the contractual obligation of the carrier,” • except with reference to the plea of contributory negligence which was set up; for “in such a case the carrier must establish affirmatively the acts on the part of the passenger which it claims bring him under the operation of the rule of contributory negligence, barring him from recovery.” Clerc v. Railroad & Steamship Co., 107 La. 370, 31 So. 886, 891, 90 Am. St. Rep. 319.
 

 On the other hand, in Spurlock v. Traction Co., 118 La. 1, 42 So. 575, where a passenger fell from the platform of a street car, and the question was whether the platform gate had negligently been left unsecured by the carrier, or had been negligently opened by the passenger, it was held that the burden of proof was on the carrier to show that the gate had not been negligently left unsecured by itself.
 

 So that this far it is clear that the burden of'proof is on the carrier to show that it is free from negligence in handling its passenger, but, when the carrier charges the plaintiff with contributory negligence, it must prove affirmatively the very act of contributory negligence which bars a recovery.
 

 In the Hopkins Case the plaintiff claimed that the carrier was negligent in allowing a basket to remain on the platform from which passengers had to alight, and on which the passenger claimed she had tripped up; the chief, if not sole, defense was that she had fallen after she had safely landed from the car. There .was no serious denial of the fact that the basket was on the platform, and
 
 *100
 
 the only issue was whether the plaintiff had tripped upon the basket, or had fallen only after she had safely landed from the ear. This court held that the burden of proof was on the defendant to show that plaintiff had not tripped upon the basket, but had fallen only when she had safely landed from the car. But there is nothing in the case to show or suggest that, had the defendant succeeded in proving that plaintiff had safely landed from the car, it must go further and show why plaintiff afterwards fell.
 

 And in Veith v. N. O. Ry. & Light Co., 152 La. 47, 92 So. 730, where the evidence showed that the passenger, though injured, was not injured by the sudden starting of the car, it was not held necessary for the defendant to show how or why the plaintiff fell.
 

 Our conclusion is that the doctrine of the Hopkins, Spurlock, and Le Blanc Cases is correct in so far as these cases hold that, where a passenger is injured, the burden of proof is on the carrier to show that it was free from any negligence which might have caused the accident, but that the doctrine of those cases is too broad (if such be their doctrine) in holding that the carrier can discharge such burden of proof only by showing how and why the passenger was injured, even though it does show that the injury occurred through no negligence of its own.
 

 Decree.
 

 The judgment of the district court, and that of the Court of Appeal affirming the same, are therefore reversed and set aside, and it is now ordered that plaintiff’s demand be rejected at her cost in all courts.
 

 O’NIELL, C. L, concurs in the decree.