JANVIER, Judge.
At about 11:30 o’clock on the morning of August 16, 1950, plaintiff, Mrs. Sadie L. Ensminger, who had been a passenger for hire on a Jackson Avenue bus- of defendant, New Orleans Public Service, Inc., fell as she attempted to alight from the bus at the downtown river corner of Jackson and St. Charles Avenues, in New Orleans. She claims that the bus was not driven close alongside the curb of the sidewalk to the customary alighting place for passengers, but was stopped with the steps by means of which she had to alight at a point about six feet in the street and directly alongside “a depressed and cracked portion of the roadway,” and that she, being unaware of the hole or crack in the highway, found “no bottom” and fell to the pavement and sustained serious injuries.
Defendant answered, admitting that plaintiff had been a passenger on its bus and had fallen while alighting therefrom and had sustained injuries, but denied that the bus had been stopped with the step alongside a hole in the pavement and denied that plaintiff had fallen as a result of stepping into a hole, averring that
“in alighting from the bus plaintiff in some way either missed her step, miscalculated the distance, or did not pay sufficient attention in alighting and fell * *
The matter went to trial below on the sole issue of whether plaintiff had fallen as a result of stepping into a hole in the pavement, or had fallen because of her own carelessness while alighting. In the Civil District Court for the Parish of Orleans there was judgment dismissing the suit and plaintiff has appealed.
Numerically the witnesses who say that plaintiff stepped into a hole and those who say that there was no hole where the bus stopped and that she did .not step into a hole are about equal. And there is little from which we can say that any one witness is entitled to any greater credence than is any other. In such a state of the record we ordinarily follow the well established rule that on questions of fact the findings of the trial court, based on his evaluation of the testimony of the witnesses and his judgment as to the effect of physical facts, should not be disturbed unless found to be manifestly erroneous. And ordinarily we conclude that the District Court must have determined that the testimony on the physical facts preponderated in favor of defendant.
We find here, however, a rather unusual situation, and on it counsel for defendant *404 depend in their demand far a reversal. They vehemently argue that, because of defendant’s failure to offer certain available evidence, it must be presumed that had it been offered it would have been unfavorable, and that if that unfavorable evidence had been added to the testimony already in the record in support of plaintiff's contention, her evidence would have then been found to preponderate substantially.
After the occurrence an investigator for the defendant corporation interviewed those witneses whose names were given to him and secured statements from them. Among them were persons who had witnessed the accident from the street and also some of the passengers. One of the- passengers was produced as a witness, but five persons who had been passengers and from whom statements had been obtained were not placed on the witness stand by the defendant, nor subpoenaed to appear as witnesses. The testimony of the witnesses who were called, including that of a passenger, was to the effect that the plaintiff had not fallen as a result of a hole and, in fact, that there was no hole near where the bus had been stopped.
At, the completion of the taking of the testimony, when the investigator of defendant corporation was on the witness stand, he was asked on cross-examination whether he had taken statements from the five persons named by counsel for defendant, and he answered that he had taken such statements from those witnesses, saying that they had given statements “from as much as they knew.” The investigator was then asked whether he knew why those five witnesses had not been called and he answered that in such matters the attorneys made the decision. The attorney for the defendant then said that in such cases: “A number of names are taken down. Some know something. Some know nothing.” And a little later he said:
“If they had any knowledge of it to my way of thinking, I would have had them, but I didn’t want ten witnesses to all say the same thing.”
There is nothing in the record to show that any of these persons had the slightest knowledge as. to how the accident occurred, and the record convinces us that there was not sufficient excitement to create the assumption that all of these passengers, who were in the bus, must have gone to the front end to see what had caused the accident.
It was shown that one of the witnesses had left the city and was not available and that another of these five witnesses was a very young girl and apparently the reason for the failure to produce her was understood. But it was the failure to place the other three witnesses on the stand which has been pointed to by counsel for plaintiff who argue that we must assume that the testimony of those three witnesses would have been unfavorable.
We think it obvious that the Judge a quo concluded, as did counsel for defendant, that since at least one other passenger had been placed on the stand, and since other witnesses had also given testimony to the effect that the bus did not stop alongside a hole and that the plaintiff had not stepped into a hole, it was not incumbent on defendant to produce a host of other witnesses who would have offered testimony which would have been cumulative and repetitive.
Surely it cannot be suggested that in any case in which there are a host of persons who may have some slight knowledge as to the cause of an accident, the party who knows who those witnesses are and produced some, but not all, of them runs the risk of having it assumed that the testimony which the others would have given would have been unfavorable.
All that is necessary under the rule relied on by plaintiff is that he produce a sufficient number of those witnesses to show that in all probability the testimony of the host of other witnesses would have been merely corroborative. And we think that even this is necessary only where it is shown that the witness or witnesses not produced had some peculiar knowledge which made it necessary that, the evidence, which they would have offered, be tendered to the Court. This was recognized by Judge Hardy who, in Anders v. Employers Liability Assur. Corp., Limited, La.App., 50 So.2d 87, 89, said:
*405 " * * * Concededly it is not necessary for a litigant to produce every available witness, . * * .
Furthermore, it should be noted that - the names of all of those witnesses were given to counsel for plaintiff and therefore the witnesses were equally available to plaintiff. Duet v. Tramontana, La.App., 26 So.2d 324.
Here we feel that the defendant has produced sufficient evidence to show that the version given by the defendant is the correct one—that plaintiff did not fall into a hole.
In reaching this conclusion we have not overlooked the fact that our Supreme Court, in Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376, 378, and in other cases therein cited, hás held that:
“ * * * where a passenger is injured, the burden of proof is on the carrier to show that it was free from any negligence which might have caused the accident, * *
Even if it be conceded that that doctrine is applicable in all cases in which a passenger is injured, whatever may have been the facts, still we think that the record here shows no fault on the part of the carrier. But we have grave doubt as to whether it was the intention of the Supreme Court that that doctrine should apply to all cases where passengers have' been injured, regardless of whether or not the passenger had full knowledge as to the cause of the accident. As we said in Cusimano v. New Orleans Public Service, Inc., 12 La.App. 586, 122 So. 903, we see no reason for the application of that doctrine in a case in which the' passenger is fully aware of what has caused the accident and is able to base his claim for damages on allegations setting forth the exact cause thereof. As we said in that case, we can well understand that, where a train is derailed or there occurs an accident concerning the cause of which the passenger cannot possibly have knowledge, it is, of course, proper to say that the carrier must show that it was guilty of no negligence which caused the accident. But where the passenger had full knowledge of the cause, why should not the burden be on the passenger just as it is on the plaintiff in. all other cases ? Here, for instance, the passenger alleges that in alighting she stepped into a hole. Why should not the burden be placed on her to show that she did so instead of on the carrier to show that there was no such hole.
As a matter of fact, there is considerable misunderstanding as to the duty which is placed on the carrier in such a situation. It is generally referred to as the duty of -bearing the burden of proof. That is not the correct statement of the duty— the duty is that of going forward .with the evidence after a prima facie case has been made out by the plaintiff. See 31 C.J.S., Evidence, § 111, p. 720; In Wallace v. Shreveport Rys. Co., La.App., 175 So. 86, 87, the court quotes, with approval, the following language from 10 C.J., Carriers, sec. 1424, pp. 1021-1022:
■ “Although it has sometimes been stated that the burden of proof will shift to defendant on plaintiff making out a prima facie case, this statement is inaccurate, and, where defendant sets up a plea or answer denying its liability, the main burden of proof does not shift, but is on plaintiff throughout the case, even where a presumption of négligence exists, although where plaintiff introduces evidence sufficient to make out a prima facie case, it is then incumbent on defendant in order to prevent a recovery to introduce evidence sufficient to overcome such showing by plaintiff; but the carrier is not called on to offer evidence until facts showing a prima facie liability on its part have been proved.”
See also 13 C.J.S., Carriers, § 764, pp. 1445, 1446.
However, as we. have said, conceding that there was placed on defendant the burden of not only going forward with the evidence but also of bearing the burden of proof, we think the defendant has successfully borne both those burdens.
Surely we cannot reverse the findings of the District Judge, based on actual testimony, on the mere assumption that if other testimony had been given it would have been, unfavorable to the defendant
*406 ' The judgment appealed from is affirmed at the cost of appellant.
Affirmed.