REGAN, Judge.
Plaintiffs, Sabin Simoneaux and his wife, Marie Simoneaux, a passenger, instituted this suit against the defendants, Checker Cab Co. of New Orleans, Inc., and one of its operators, Charles Hollinger, endeavoring to recover the sum of $6,703.50, representing personal injuries and medical expenses incurred by Mrs. Simoneaux when her left thumb and hand were injured as a result of the right rear door of the taxicab being negligently closed upon it by the driver thereof on May 26, 1954.
Defendants answered and admitted that the plaintiff had been a passenger on the date of the alleged accident, but generally denied that the injuries incurred by Mrs. Simoneaux resulted from any negligence on the part of the driver of the' taxicab, and asserted that Mrs. Simoneaux was injured when she closed the door upon her own hand; in the alternative, defendants pleaded the contributory negligence of Mrs. Simoneaux.
From a judgment in favor of defendants dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that on the day of the accident the driver of the cab transported Mrs. Simoneaux to the Royal Street entrance of the Marks Isaacs department store in the City of New Orleans. Mrs. Simoneaux alighted from the cab, paid the operator thereof either before or after alighting from the cab, and the thumb of her left hand was injured when the right rear door of the vehicle was closed upon it.
The only question posed for our consideration is one of fact, and that is whether Mrs. Simoneaux caused her own injuries, or were they incurred through the fault of the cab driver?
Mrs. Simoneaux in laboriously relating the manner in which the aforementioned injuries occurred asserted that upon the cab’s arrival at the Royal Street entrance of Marks Isaacs, she opened the right door of the cab, alighted therefrom, and as she was standing in the street with her left hand on the upper part of the right door and her purse under her right arm, she reached with her right hand into the pocket of her dress and with her right hand gave a dollar bill to the driver through the right rear door window; then in compliance with the request of the driver she pushed the door toward him, which he grabbed and slammed shut while her hand was still on the lip of the door.
The cab operator’s account of the manner in which the injury occurred is diametrically opposed to Mrs. Simoneaux’ version thereof. He related that Mrs. Simoneaux had requested him to transport her to the Royal Street entrance to the Marks Isaacs store. When he arrived there, traffic was quite congested, and he was unable to park parallel to the right curb of Royal Street in order to discharge his passenger. Therefore, he stopped in the center of the street behind a line of vehicles which had formed because of an unfavorable traffic signal light located at the corner of Royal and Canal Streets. Mrs. Simoneaux paid him the fare, opened the right rear door, and alighted from the cab. She closed the door, and it was then that she told him that her hand had been caught therein. He quickly released the door lock and noticed that the fleshy part of her left thumb was cut.
The trial court in dismissing plaintiffs’ suit and rendering judgment in favor of the defendants reasoned as follows:
“1) Although the Court believes that plaintiff suffered an injury after voluntarily descending from the cab at a point chosen by her, the Court is convinced that it is a physical impossibility for plaintiff to have been injured in the manner testified to and demonstrated by her to the Court.
*550 2) Had she been injured m the manner demonstrated by her all of her fingers would have had to be amputated by the closing door before her thumb could possibly have been injured, yet her thumb according to the testimony of her witness Dr. Salatich, is the only portion of her hand giving evidence of any injury, scars or abnormality. Her family physician who treated her after the injury and the only one who could have thrown light on the subject was not placed on the witness stand.
3) Being convinced that her injury did not occur in the manner related and demonstrated by her, the Court cannot from the record determine by whose fault the injury occurred.”
If the facts which appear in the record justified the trial judge’s assertion that “the Court cannot from the record determine by whose fault the injury occurred,” then in conformity with the existing jurisprudence[1] he should have rendered judgment for the plaintiffs. However, the record leaves no doubt in our minds that Mrs. Simoneaux’ left thumb was injured when she closed the door of the cab thereon herself.
We are convinced that the trial judge fully intended to say what we have said, and it was only through inadvertence that he chose to use the above-mentioned phrase which is not justified by the facts and which was likewise inconsistent with the judgment which he rendered in favor of the defendants.
The only eyewitnesses to the accident were Mrs. Simoneaux and the cab driver. The trial judge found her version of the accident to be quite implausible. On the other hand, the cab driver’s account thereof was both convincing and plausible. Obviously, the lower court’s judgment in favor of the defendants could only be predicated upon its acceptance of the cab driver’s version thereof, and our examination of the record discloses no error in the conclusion reached by it.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Cusimano v. New Orleans Public Service, 1930, 170 La. 95, 127 So. 376; Ensminger v. New Orleans Public Service, La.App.1953, 65 So.2d 402.