LUTHER E. HALL, Judge pro tem.
Plaintiff appeals from a judgment of the Civil District Court for the Parish of Orleans which dismissed her suit for damages for personal injuries resulting from a fall from one of defendant’s busses.
The District Judge found, and the record shows, that an accident occurred and that plaintiff was injured, but the District Judge also found that defendant was free from negligence and therefore dismissed plaintiff’s suit.
The sole question presented by this appeal is whether the defendant public carrier has sustained the burden of proving that it was free from any negligence which caused the accident. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376.
The accident occurred on October 16, 1958, at the intersection of Allen Street and Gentilly Boulevard in the city of New Orleans. Plaintiff had boarded the bus at North Broad and St. Bernard Avenue intending to get off at the corner of Humanity and Allen Streets. The bus stopped at that corner pursuant to her signal but she failed to get off before the “green light” went off locking the door. The bus then proceeded two blocks to the next stop at Allen and Gentilly Boulevard where she disembarked and fell.
No one saw her fall. Her own testimony is that she does not know what caused the accident. She states that her failure to get off the bus at the Humanity Street stop made her nervous, and suggests that she might on this account have pushed the door a little harder causing her to fall when the door opened.
The record shows that the bus in question was one of the latest type busses in service and was equipped with what is referred to as a “push type” safety exit door which briefly stated is operated in the following manner. When the bus stops the bus operator engages a control which activates the rear door so that it can be opened and thereupon a green light appears over the door notifying the passengers that it can be used. The disembarking passenger simply descends from the floor of the bus to the door, pushes the door open, and walks out. The door closes behind him and the next alighting passenger in turn pushes the door open. As long as the green light is on the door is in the sole and complete control of the alighting passenger. When the passengers have disembarked the operator disengages the control. This locks the door and the green light goes off. Engaging the control automatically locks the bus transmission and bi-akes thus preventing the bus from moving unless the door is tightly closed and locked.
Plaintiff admits that she was thoroughly familiar with the operation of the door having ridden busses of this type almost daily since their installation on this line some two years before the accident.
The testimony shows that the bus in question was in good, normal, working condition both before, at the time of, and after the accident. It was impossible for the bus to have been in motion when plaintiff alighted. Indeed plaintiff does not so suggest. Neither does plaintiff suggest that the bus operator did anything or could have done anything which caused plaintiff to fall while alighting.
The only point urged by plaintiff is that the operator of the bus was somehow negligent in not permitting her to alight at the corner where she had intended getting off; that this made her nervous and caused her to push on the door “a little harder” at the next stop.
We find nothing in the record which faintly suggests any negligence on the part of the operator. He stopped at Humanity Street in response to plaintiff’s signal, en *491 gaged the control activating the door and the green light went on. Obviously plaintiff was tardy in getting from her seat to the door because when she got there the green light was off and the door was locked.
We conclude that the defendant has fully met the burden on it of showing no negligence on its part which caused or contributed to plaintiff’s fall. It could hardly be maintained that the failure of the defendant to allow plaintiff to alight at Humanity Street was the proximate cause of an accident two blocks later when plaintiff simply pushed too hard on the door and fell through.
For the foregoing reasons the judgment of the District Court is affirmed.
Affirmed.