McBRIDE, Judge.
Plaintiff was injured while a passenger in a taxicab driven by Andrew Jenkins, Jr., and bonded by Nola Cabs, Inc., and she brought this suit for personal injuries against said driver, said insurer, and also Robert J. Bailey, who was driving an automobile with which the taxicab collided. There is no question that a collision between the two vehicles took place, for plaintiff alleges in her petition that the taxicab was involved “in a collision with a motor vehicle operated by the defendant Robert J. Bailey.” Although Bailey was cited to appear and answer plaintiff’s demand, he filed no answer nor made any appearance, and a preliminary default was entered as to him. But the suit as to Bailey was dismissed by the trial court after hearing the merits of the case.
Judgment was rendered against Jenkins and Nola Cabs, Inc., in solido, for $943, and they have appealed.
Plaintiff alleges that she does not know how the accident happened, nor to whom the cause can be attributed, since she was suddenly and abruptly thrust forward, and she charges both drivers with negligence, and alleges that it was the duty of Jenkins to safely conduct her to her destination.
The accident happened after dark on May 3, 1957. The taxicab, with plaintiff as its passenger, was traveling up Tchoupi-toulas Street, and the injury occurred at a point just before the vehicle reached Milan Street. Plaintiff testified that she has no knowledge as to how the accident which caused her injuries occurred other than to say that suddenly “something hit or something” and she was thrown down on her right leg. Her testimony does not coin *51 cide with a written statement she gave to an adjuster for the taxicab company in which she stated that an automobile traveling on the left side of the cab struck a car parked on the river side of Tchoupitoulas Street and then ran into the left side of the cab.
Under established jurisprudence prevailing in this state, sworn declarations of witnesses upon the stand usually prevail over unsworn statements which contradict their testimony. We shall apply that rule in this case and take it for granted that the plaintiff knows nothing of the accident except “something hit or something.”
Well-established jurisprudence in this state is to the effect that where a passenger is injured in an accident and has failed to reach his destination in safety, the burden is on the carrier to prove itself free from fault. However, the carrier is not required to show how and why the passenger was injured in order to bar recovery. All he is required to do is to show that he was free from any negligence which might have caused the accident. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378; Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Roy v. New Orleans Public Service, Inc., La.App., 76 So.2d 425; Ensminger v. New Orleans Public Service, Inc., La.App., 65 So.2d 402; Oppenheim v. Toye Bros. Yellow Cab Co., La.App., 7 So.2d 420; Hughes v. Baton Rouge Electric Co., La.App., 188 So. 473; Bynum v. City of Monroe, La.App., 171 So. 116; Wark v. New Orleans Public Service, Inc., La.App., 168 So. 797.
The uncontradicted testimony of defendant Jenkins is that he was driving up Tchoupitoulas Street at a lawful rate of speed keeping his eyes forward in lookout when suddenly a car on his left struck a parked automobile and then crashed into his rear left door. He states the accident happened suddenly and he emphatically claims that he had no opportunity to take any steps to avoid the collision.
The record shows that a man named Brown was riding on the rear seat with plaintiff. She states that she knows Brown and knows that he is ill in the Veterans Hospital in New Orleans. No attempt was made by anyone to produce Brown as a witness or to take his depositions, nor was an attempt made to summon the third defendant, Bailey, and with reference to the accident, the explanation given by the taxicab driver stands alone, and there is nothing in his testimony, such as inconsistencies, contradictions or implausibility, which would lead an unbiased mind to the belief that he testified untruthfully.
We do know, independently of the taxicab driver’s statement, that' there was a collision, for plaintiff alleges that fact in her petition. She also stated in her sworn testimony that “something hit or something.” The taxicab driver, we think, has shown his freedom from negligence in connection with the collision of the two automobiles, and, therefore, there is no liability in the appellants for plaintiff’s injuries.
 In the use of public highways and streets, besides other risks which are attendant to motoring, one of the greatest hazards is that of collision. If a collision injures a passenger in a vehicle and the carrier is free from fault and the accident has been occasioned exclusively through the negligent act of a third party, then the carrier is not liable to the passenger who may be injured thereby. The carrier is not an insurer of its passengers. Oppenheim v. Toye Bros. Yellow Cab Co., supra.
For the reasons assigned, the judgment appealed from insofar as it casts appellants is reversed, and plaintiff’s suit as against appellants is dismissed at her cost; in other respects, the judgment is affirmed.
Reversed in part; affirmed in part.