CHASEZ, Judge.
Plaintiff, William F. Schenker, individually and on behalf of his minor child, Thelma R. Schenker, filed suit against Henry I. Randle, New Orleans Public Service, Inc. and Audubon Insurance Company to recover damages for personal injuries to his daughter and medical expenses incurred by him as a result thereof. This matter was tried before a jury and a verdict was rendered dismissing plaintiff’s suit. From this judgment plaintiff has appealed.'
The record reveals that on February 22, 1964 plaintiff’s thirteen year old daughter, Thelma Schenker, was a passenger on a *328 New Orleans Public Service bus. She and two friends, Valerie and Peter Lindbloom, were returning from a movie. When the bus reached the intersection of Chef Men-teur Highway and Papania Drive, plaintiff and her two friends got off the bus. The bus, that had been proceeding eastward on Chef Menteur Highway, stopped by pulling partially onto a shell shoulder of the road and remaining partially in the right lane of the highway. Thelma was the first to alight from the bus. After stepping on the shoulder, she walked forward along the shoulder of the highway until she reached a point several feet in front of the stopped bus. At the same time her friends were completing their exit from the bus.
Apparently all litigants agree to the facts to this point. What happened next is disputed.
According to plaintiff, she stood momentarily on the shoulder of the road in the path of the bus. The driver suddenly “revved” or raced his motor, and his action caused her to panic because she thought the bus would roll over her. She then darted across the highway to escape the bus and as she reached the lefthand lane, she was struck by the right front of an automobile driven by defendant Henry Randle and was hurtled through the air for approximately twenty feet before coming to rest in that part of the neutral ground intersected by the Papania roadway.
Plaintiff’s theory of negligence is that the bus driver in “revving” his motor negligently created an emergency to Thelma as she stood in the path of the bus. As a result she panicked and dashed into the highway. Thus, she contends her injury was proximately caused by the bus driver’s action. To support plaintiff’s testimony that the bus driver raced his motor, plaintiff called two witnesses, both friends of the family. One neighbor testified that he was turning from Papania Drive into the inbound lanes of the Chef Highway headed toward New Orleans. Although it was a cold day, the window of his car was open and he was attracted by the sound of the bus, then across the highway from the point where he was turning. He said it was racing its motor. This witness did not mention seeing the accident until several days after it happened, even though he accompanied the child’s parents to the hospital immediately after its occurrence. The other witness who said he heard the bus “rev” its motor was Oliver Philips, Jr., who said he witnessed the accident from the doorway of the service station across the street. He was approximately 100 feet or more from the scene.
Defendant denies the bus driver raced the motor of the bus as the Schenker child stood in front of it. According to the defense witnesses, after Thelma alighted from the bus she walked several feet to the front of the vehicle, still stopped, and without warning began running across the eastbound lanes of the Chef Menteur Highway. When she reached the lefthand lane she was struck by the Randle vehicle that was then passing the stopped bus. The bus driver denies “revving” the motor and Thelma’s companions, who were alighting from the bus and had just reached the shoulder of the road when the accident occurred, stated the bus driver did nothing that would have startled Thelma. Her companions, the Lindbloom children, testified she suddenly darted into the roadway with no warning to anyone.
It is apparent the jury found for the defendant because they found the defense witnesses more credible. We reach the same conclusion, particularly in view of the fact that the companions of young Thelma Schenker agree with the bus driver.
Plaintiff named automobile driver Ran-dle and his insurer Audubon Insurance Company as defendants; however in oral argument before this court he conceded that Randle was in no way negligent and abandoned his action against these two defendants. Accordingly his suit in this *329 respect will be dismissed. Thus plaintiff now seeks recovery from New Orleans Public Service, Inc., alone for the alleged negligence of its employee driver in “revving the bus motor” and causing the Schenker child to panic. Plaintiff also asserts the trial court erred in refusing to give numerous special charges he submitted to the jury; thereby withholding from the jury the theory of negligence upon which plaintiff bases his claim.
In our view the evidence establishes the accident resulted solely from the negligence of Thelma Schenker, who darted across the highway into the path of the approaching automobile. We think it is clear from the record that the bus driver did not race his motor and did not move the bus after it had stopped to discharge passengers and, therefore, we discount the plaintiff’s theory that anything occurred to cause the child to panic.
In a tort action the law is that the plaintiff bears the burden of proving his case by a preponderance of the evidence. It is also well established in our jurisprudence that:
A. A common carrier of passengers for hire is not an insurer or warrantor of the safety of its passengers.[1]
B. That a carrier of passengers for hire has discharged its burden and fulfilled its obligation to passengers when it demonstrates that the passenger was safely carried to her destination and alighted safely from the bus or vehicle at a safe landing place.[2]
C. That a carrier of passengers for hire who has discharged its former passenger to a reasonably safe landing place is not responsible for the actions of said passenger who, after safely alighting from said bus, walked or ran in front of its stopped bus and into oncoming traffic.[3]
It is unnecessary for us to consider whether or not the jury was properly instructed because it would not change the result of this case in view of the fact that plaintiff failed to prove negligence.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Kendall v. New Orleans Public Service, La.App., 45 So.2d 541.

. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376; Johnson v. New Orleans Public Service, Inc., La.App., 139 So.2d 7.

. Deason v. Greyhound Corporation, La. App., 106 So.2d 348 (pages 363-370.)