BAILES, Judge.
The plaintiff, Ora B. Payton, brought this action against New Orleans Public Service, Inc., to recover $975.00 allegedly due her as damages for minor injuries she received while boarding defendant’s bus at the downtown river side intersection of Tulane Avenue and Villere Street in the City of New Orleans on February 17, 1971.
Plaintiff-appellant appeals from the judgment of the trial court denying her recovery and dismissing her suit. We find no error in the judgment of the trial court, and accordingly, the judgment appealed from is affirmed.
For a cause of action against the defendant, plaintiff alleged, inter alia, that the bus did not stop at the designated stop but did in fact stop 12 feet from the curb and about 16 feet on the river side of the designated stop; that plaintiff was required to walk across and through trash and debris which littered the street; that as she boarded the bus her foot slipped on the bus step which was dirty and wet; and that although she obviously was having trouble boarding the bus because of her age and the use of a cane, the bus operator made no attempt to assist her.
The defendant admitted that plaintiff was a fare-paying rider on its bus, however, all other allegations of material fact were denied.
The only witness to testify for the plaintiff to the facts surrounding the cause of the injury was the plaintiff herself. She testified that the bus did not stop at the curb, that she was required to walk, along with other boarding passengers, through debris and trash in the street; and that as she started to board the bus she placed her cane in the bus and with both hands she pulled herself up to the step and as she did so her foot slipped on something that was under her feet. In her fall from the step she scraped the skin off the shin of one of her legs. When asked specifically what she slipped on, she was unable to identify the object. She stated she did not know what caused her to slip. She was questioned about whether a woman helped her on the bus; she denied that anyone assisted her.
Defendant offered the testimony of Mrs. Inez Dunn who testified that she was a witness to the incident in which plaintiff injured herself. She testified that she, along with a group of other persons, including plaintiff, were boarding the bus. She related that the reason she remembered the plaintiff was because plaintiff asked her (Mrs. Dunn) to help her board the bus. Mrs. Dunn testified that she and a man helped plaintiff up by gently holding her in the back. She stated that plaintiff stepped up on the first step and when she stepped up from there to the second step she collapsed and injured her leg. When asked if she slipped on anything, Mrs. Dunn stated that to her knowledge plaintiff did not slip on anything. The reason assigned by this witness for the bus not pulling to the curb at the stop was that a car was parked next to the stop which prevented the bus pulling to the curb.
As the plaintiff was a (boarding) passenger and was injured on the bus, the carrier has the burden of proving itself free of negligence, but need not prove why or how the accident or resulting injuries occurred. See Cusimano v. New Orleans Public Service Inc., 170 La. 95, 127 So. 376 (1930).
In the face of the testimony of Mrs. Dunn, who stated that she and an unidentified man, physically assisted plaintiff up the steps, we must conclude that plaintiff has failed to prove that she slipped on anything.
We find the defendant public carrier has discharged the burden placed on it *320 of proving itself free of negligence. Further, we find that the injuries were brought about by reason of the physical infirmities and advanced age of the plaintiff who was 86 years of age at the time.
Plaintiff’s counsel argues, in brief, that the negligence of the defendant was twofold. First, the bus driver did not stop the bus at the curb where the bus stop is located, but out into the street where it was more difficult for passengers to get on. Second, the bus driver did not warn the plaintiff that the bus was not stopped at the curb, nor did he do anything to help her get on safely, although he was looking directly at her when she fell.
Under the holding of Cary v. New Orleans Public Service, Inc., La.App., 250 So.2d 92 (1971) wherein this court held the public carrier not negligent in failing to stop the bus adjacent to the curb, and that the test of negligence is whether the place where a passenger is forced to disembark is reasonably safe for that purpose. In the instant case, we can determine no relationship between the stopping of the bus some 12 feet from the curb and the injury suffered by the plaintiff. The plaintiff was unable to identify what object caused her to slip and fall, if indeed she did slip.
As to the failure of the bus driver to warn plaintiff that the bus was not stopped at the curb, we find there is no duty owed by the defendant to warn plaintiff of what was obvious. Certainly, plaintiff knew the bus was not stopped at the curb. As to the bus driver not doing anything to get plaintiff safely on the bus, the answer to this argument is that Mrs. Inez Dunn and an unidentified male passenger were actively assisting the plaintiff on to the bus, and additionally, there was no request by plaintiff for the driver to help her board the bus.
We find no error in the judgment of the trial court. The judgment appealed from is affirmed, at plaintiff’s cost.
Affirmed.