250 So.2d 92 (1971)
Mrs. Florence CARY
v.
NEW ORLEANS PUBLIC SERVICE, INC.
No. 4357.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1971.
Rehearing Denied July 15, 1971.
*93 Thomas L. Giraud, New Orleans, for plaintiff-appellee.
A. R. Christovich, Jr., C. B. Ogden, II, New Orleans, for defendant-appellant.
Before TAYLOR, STOULIG and BOUTALL, JJ.
TAYLOR, Judge.
This is a suit for personal injuries suffered and medical expenses incurred by plaintiff-appellee, Mrs. Florence Cary, as a result of a fall she sustained while attempting to alight from a bus owned and operated by defendant-appellant, New Orleans Public Service, Inc. After trial on the merits the lower court rendered judgment in favor of plaintiff in the amount of $951.90 together with legal interest from date of judicial demand and all costs. From this adverse judgment defendant prosecutes the present appeal.
On January 9, 1970 plaintiff was a paying passenger on a public service bus operated by defendant on Canal Boulevard in the City of New Orleans. As a result of the buzzer cord being pulled by one of the passengers, the driver of the bus brought the vehicle to a stop at the corner of Canal Boulevard and Chapelle Street for the purpose of discharging passengers. The driver testified that the buzzer cord was pulled at a point in time which prevented his stopping the bus adjacent to the curbing but rather that the vehicle came to rest approximately 1½ feet away from that abutment.
The vehicle was at a complete stand-still when plaintiff and others were alighting. The steps of the bus were free of any foreign material which might cause someone to slip and, in fact, plaintiff does not contend that she lost her footing because of a slippery substance on the exit steps. It is plaintiff's contention that she fell solely because the distance from the bottom step of the bus to the ground was too great for a person of her 5' 1" stature to negotiate.
Since plaintiff received her injuries while alighting from defendant's bus, the burden of proof is on defendant to show freedom from negligence which caused plaintiff's fall. Cusimano v. New Orleans Public Service, Inc., 170 La. 95, 127 So. 376 (1930). We are of the opinion that defendant has met this burden of proof.
The record establishes that at least one other passenger successfully alighted from the vehicle in question immediately prior to plaintiff's ill-fated attempt. This passenger had no trouble stepping to the ground safely. There were no irregularities in the pavement at the point where the bus stopped and neither plaintiff nor the lady who preceded her off the bus tripped or lost her footing because of the condition of the street.
The record further establishes by plaintiff's own admission that her vision was unobstructed as she attempted to step from the bus. Plaintiff further testified that she held on to the hand rail of the vehicle for support until she reached the bottom step. As she attempted to negotiate the final step, she released the hand rail and fell. In fact the lady who preceded plaintiff off the bus witnessed Mrs. Cary's fall and described the plaintiff's activities prior to her fall as follows:
"* * * And she was finding it very difficult to get off. And she was holding on very carefully and trying to get her foot down on the ground. And I guess she thought she had it down on the ground, because just all at once she fell sprawling full length beside the curb and hurt her knees and bumped her arm and hurt her leg. * * *"
It is apparent to us that plaintiff's fall resulted from her release of the hand rail prior to the time that her feet had safely reached the ground.
Plaintiff has alleged that defendant was negligent in that the bus driver did not stop the bus at the curbing but farther out in the street where the distance from *94 the bottom step of the bus to the ground was greater than it would have been had plaintiff been able to step directly onto the curbing. Plaintiff alleges defendant's further negligence consists of not warning plaintiff prior to her attempting to disembark that the bus was parked away from the curb or helping her to disembark. Plaintiff argues that these alleged acts of negligence on the part of defendant were the proximate cause of her injury. We find plaintiff's arguments unacceptable.
Plaintiff testified that she was aware that the bus was not parked adjacent to the curb and that she knew she had to step to the street in order to alight. She did not ask for assistance from anyone in alighting presumably because, as plaintiff stated, "I thought I could make it." We are of the opinion that there is a duty imposed by law on those alighting from a carrier to observe care and caution while descending the steps of the vehicle. Betts v. Shreveport Rys. Co., La.App., 137 So. 615 (1931). Had plaintiff felt that she was unable to step safely to the ground she should have requested assistance. Not having done so we perceive no duty under the circumstances on the part of the defendant to aid her. Despite her 75 years of age at the time of the accident plaintiff manifested no physical disability or infirmity. Nor was there any other reason for the driver of the bus to suspect that plaintiff might need special assistance in descending the steps prior to her fall. Accordingly we find no negligence on the part of defendant because the driver did not aid plaintiff down the exit steps.
Nor can we agree with plaintiff that defendant was negligent in not stopping the bus adjacent to the curb. The fact that the driver might have brought the bus to a stop short of, or beyond the regular bus stop is not negligence per se. The test of negligence is whether or not the place where a passenger is forced to disembark is reasonably safe for that purpose. Clogher v. New Orleans Ry. & Light Co., 143 La. 85, 78 So. 247 (1917); Johnson v. New Orleans Public Service, Inc., La.App., 139 So.2d 7 (1962). This record discloses nothing which would indicate that the site at which plaintiff disembarked was unsafe or even substantially different from the bus stop area approximately two feet away. We are convinced that any increase in distance between the bottom step of the vehicle and the ground occasioned by the driver's failure to stop the vehicle next to the curb was purely negligible and that plaintiff would not have fallen had she not released the hand rail prematurely. Accordingly we do not consider that defendant was negligent in discharging passengers at the site where plaintiff alighted.
For the foregoing reasons the judgment of the lower court is reversed and there will be judgment in favor of defendant-appellant, New Orleans Public Service, Inc., dismissing plaintiff's suit at her costs. Costs of this proceeding to be borne by plaintiff-appellee.
Reversed.