SCHOTT, Judge.
Defendant has appealed from a judgment for damages suffered by plaintiff as a result of an accident which occurred while he was a passenger in defendant’s taxicab. At issue are liability and the amount of general damages awarded.
The cab had been proceeding on North Claiborne Avenue in New Orleans and struck the right rear of an automobile operated by one Willie Howard, Jr. At the scene of the accident, North Claiborne was a divided street' consisting of two traffic lanes and one parking lane on each side of a neutral ground. Howard entered North Claiborne in the path of the cab from the Tennessee Street crossing of the neutral ground.
The evidence consisted of the testimony of plaintiff, defendant’s driver, Felix Le-Beau, the other driver, Willie Howard, Jr., and the investigating officer. The following is a summary of their testimony:
Plaintiff: When he first saw Howard’s car it was coming out of the neutral ground at Tennessee Street at a distance of ten or twelve feet away from the cab. When the vehicles came into contact Howard had completely turned so that the front part of the cab hit the right rear of the car. Before the accident happened, the cab was in the left lane alongside the neutral ground. The cab driver put on his brakes before the impact and skidded a short distance.
Defendant’s Driver: He had been proceeding along North Claiborne Avenue approaching Tennessee Street when Howard, without stopping in the neutral ground, swerved in front of him and pulled to the extreme left on Claiborne in the path of his cab. He first saw the Howard car when he was thirty feet from it. He applied his brakes when he was still twenty feet from the car. At all times his cab was in the left lane. His cab struck Howard’s car in its rear.
Willie Howard, Jr.: He came out of the neutral ground at Tennessee Street and made a left turn into Claiborne. He had seen the cab when it was over a block away from the intersection, so that he reasoned he had time to make his turn. After doing so, he was in the right lane and realized the cab was also in the right lane, so that he turned toward the left lane. His car was struck in the rear when he reached the middle of the block.
Investigating Officer: He had no independent recollection of the accident, but he made out a report at the time which plaintiff offered into evidence. This report shows the accident location as in the right *594 lane of Claiborne, fifteen feet from its intersection with Tennessee Street and the cab’s skid marks of ten feet before the impact. The impact was on the rear of Howard’s car. The report shows that Le-Beau told him he was on North Claiborne Avenue in the right lane when Howard pulled out into his path, he applied his brakes but couldn’t avoid contact, and that Howard told him he was turning left from Tennessee Street, he slowed for the stop sign and turned when he was struck by the cab which he did not see.
In order to determine the liability of defendant to its passenger, we apply the principles that as a common carrier defendant is held to the highest degree of care in transporting its passenger, but it is not an insurer of his safety, and if defendant’s driver was guilty of the least negligent act contributing to the collision defendant would be liable to plaintiff. Duane v. Toye Bros. Yellow Cab Company, 148 So.2d 451 (La.App. 4th Cir. 1963).
The testimony of the four witnesses was unclear, self-contradictory and conflicting. Howard’s testimony that he was in the middle of the block when struck in the rear by the cab was absolutely false in the light of the police report offered in evidence by plaintiff himself. This police report more nearly corroborates the testimony of Le-Beau and plaintiff to the general effect that Howard suddenly pulled into LeBeau’s path when there was not enough distance for LeBeau to avoid a collision.
In the light of these considerations it is difficult to rationalize the judgment of the trial court but there is one uncontradicted circumstance which supports a reasonable inference of negligence on LeBeau’s part. The collision did not take place until Howard’s car had completed its turn and straightened out in the roadway ahead of LeBeau. Prom this and LeBeau’s statement that he did not see the car until he was within thirty feet of it the trial judge must have inferred that LeBeau was inattentive to his driving and therefore negligent in some slight degree.
Considering Canter v. Koehring, 283 So.2d 716 (La.1973), we must therefore affirm on the principle that the evidence furnishes a reasonable factual basis for the trial court’s finding and that a reasonable inference should not be disturbed upon review.
We next consider the $6,000 award for general damages. Plaintiff was a 74 year old night watchman whose duties entailed riding his bicycle around the wharves while he made his rounds. On November 9, 1974, the second day after the accident he saw his physician who found contusions of the right shoulder, left upper arm and an abrasion of the left shin. The doctor administered a tetanus injection and a muscle relaxant, and he advised diathermy. When he next saw plaintiff on November 11 the shoulder had improved but the shin abrasion had become infected. This infection persisted over a long period of time and caused plaintiff much pain. Prom November 11 until February 28 plaintiff was treated on twelve occasions and was advised not to go to work but to keep off his leg and to elevate it. On the last visit of February 28 the physician still did not advise plaintiff to return to work. Plaintiff testified that his pain prevented him from-returning to work until March 30. Relatives testified that plaintiff suffered severely during this period of time and required medication and compresses to be applied daily from the first visit to the doctor until he returned to work. At the trial, held almost eleven months after the accident, plaintiff testified that his leg still gave him trouble, and the trial judge observed that there was scaling and discoloration in the area where the abrasion was located. The trial judge was apparently convinced that plaintiff had some residual pain and had suffered considerably as a result of the accident in making the award for general damages. We cannot say that he abused his discretion in making the award.
Accordingly, the judgment appealed from is affirmed at defendant’s cost.
AFFIRMED.