LEMMON, Judge.
The issue in this tort case is whether the ankle injury sustained by plaintiff in alighting from defendant earner’s bus was caused by the bus driver’s failure to set the passengers down in a safe place (which was plaintiff’s sole theory for recovery).
I
Plaintiff presented the only three witnesses at trial. Plaintiff herself testified: She and her 13-year old brother were riding the bus on the evening of the accident. The driver passed the designated bus stop at Canal and Clark Streets, despite a timely signal, and let them off on the lake corner of Clark (rather than the river corner), about five or six feet from the curb. The brother exited first, and she then stepped from the lower step of the bus to the ground with her left foot, explaining that “I stepped down, it was a steep step to take and when I got off, I twisted my (left) ankle and fell on all fours”. Asked about the street conditions, she replied “when he left me off, it was on a slant and I did not know how steep it was”. However, she stated that the street was paved and even and was the same at both corners, that there wasn’t any more slope at one corner than at the other, and that there was no problem with the street where she fell except “just slant”. Finally, she affirmatively answered an inquiry as to the cause of the fall being “the height between the bus and the street”.
The brother testified similarly, stating “the street was further down than normal” and “you had to step a little further”. He added that “the reason why it was steeper is because the bus was further out from the curb”, estimating “it was four to six-inches steeper”.
The final witness was the policeman who found plaintiff sitting in pain on the curb and took her to the hospital. However, he did not mention in his testimony that he observed (or was shown) any physical condition which may have caused the fall.
The bus drove off from the scene as soon as plaintiff alighted. None of the bus drivers on the particular route that evening were called to testify.
The reasons for judgment announced by the commissioner stated:
“The Court finds that there was negligence on the duty of care of a common carrier was not adhered to in the situation by the fact that the bus stop which *612 would ordinarily have served a safer place for disembarkment was not used.”
II
A carrier need not set down its passengers exactly at the designated stop; the duty of the carrier is simply to discharge its passengers at a place which is reasonably safe for that purpose. Clogher v. New Orleans Ry. & Light Co., 143 La. 85, 78 So. 247 (1918). Furthermore, it is immaterial if the designated stop was relatively safer, as long as the place where the passengers were actually discharged was not unsafe. Nor is the carrier’s duty necessarily breached because the bus stopped to discharge passengers at an otherwise safe place five feet away from the curb, rather than directly at the curb. Cary v. New Orleans Public Service, Inc., 250 So.2d 92 (La.App. 4th Cir. 1971), cert. den., 259 La. 808, 253 So.2d 67.
The evidence in this case falls far short of establishing that the place at which plaintiff was discharged was not reasonably safe. However, because of broad and imprecise language used in some appellate decisions to describe the burden of proof in passenger-carrier litigation involving personal injury, further discussion is required.
Ill
 Because of the special responsibility involved, a public carrier, although not the insurer of its passengers, is required to exercise the highest degree of care for their safety. Gross v. Teche Lines, Inc., 207 La. 354, 21 So.2d 378 (1945). Indeed, when a vehicle operated by the carrier is involved in a collision which causes inj'ury to a passenger, Louisiana courts have consistently held that, in view of the high degree of care required, it is presumed that the carrier was negligent, and the carrier (in a suit by the passenger) has the burden of proving itself free from negligence.[1] See, for example, Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963).
Unfortunately, some decisions in collision cases have stated that the mere showing of injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence against the carrier. Such broad and unqualified language, however, cannot be applied literally, away from the background of the circumstances of the particular inj'ury. A more accurate statement is that a fare-paying passenger, in order to establish a prima facie case, must not merely prove an inj'ury, but must further prove the inj'ury was caused by an incident, occurrence or condition which is inferentially attributable to the carrier. The presumption of negligence which then arises is not based on the mere fact of injury, but on the surrounding circumstances. Causation of the injury is therefore an element of the passenger’s burden of proof in establishing a prima facie case of negligence, and mere proof of an injury does not create any presumption which establishes such a prima facie case.[2]
For example, a fare-paying passenger who is injured during the course of an otherwise uneventful trip, in which no colli *613 sion is involved, does not carry his burden of proof if he rests his case after simply showing that he bit his tongue while on the bus. The passenger must further show (at least by his own testimony) that some incident, occurrence or condition inferentially attributable to the carrier, such as an abrupt start or a sudden swerve, caused him to bite his tongue. Once some proof of such causation is presented, the carrier then has the burden of 'overcoming the presumption that it was responsible for the incident which caused the injury. But prima facie proof of causation, by direct or circumstantial evidence, is always part of the passenger’s burden.
Here, plaintiff did not prove any incident, occurrence or condition that caused her to fall. The most definite of her vague statements places the blame on the “height between the bus and the street.” Of course, the distance from the bottom step of the bus to the ground always remains the same, in the absence of some special condition on the ground, such as a hole or a rise, which plaintiff negated in her testimony. The facts and circumstances described by her therefore do not give rise to any inference or presumption of negligence by the carrier in discharging its passengers.
Plaintiff’s claim falls for lack of proof of causation.
Accordingly, the judgment of the trial court is reversed, and it is now ordered that plaintiff’s suit be dismissed at her cost.

REVERSED AND RENDERED.

STOULIG, J., concurs and assigns reasons.
GARRISON, J., dissents and assigns reasons.

. This rule has been characterized as the result of the confusion and intermingling of two principles, one concerned with the sufficiency of circumstantial evidence (a principle which itself is largely misunderstood) and the other with burden of proof. Prosser, Torts § 39, p. 213 (4th ed. 1971). As pointed out, a carrier’s collision with a stationary object gives rise to an inference of negligence, but in a two-vehicle collision there is no logical reason to presume that the carrier’s operator was the negligent party, except on the basis that the carrier’s higher degree of care makes its operator the more likely negligent party (at least in a suit by a passenger).

. In personal injury litigation by a passenger against a public carrier the passenger has the burden of proof, but in fulfilling his burden, the passenger is assisted by certain presumptions and inferences relating to the sufficiency of circumstantial evidence necessary to establish a prima facie case. Once a prima facie case has been established, the carrier then has the burden of proceeding with evidence to overcome the prima facie case. In the final analysis, however, the preponderance of the evidence, direct and inferential, must rest with the plaintiff.