BEER, Judge.
Appellant, Mrs. Hood, sued the owners of the apartment complex where she resided, and their insurer, as well as cab driver Ernest Dufrene, Metry Cab Company, and their insurer, for damages sustained when she alighted from Dufrene’s cab and stepped into a hole in the alley way of the complex. The apartment owners and their insurer reached a settlement agreement with her and were dismissed. Thereafter, by stipulation of counsel, the case was submitted on the depositions of Mrs. Hood, Dufrene, and the dispatcher of Metry Cab Company, along with the medical records and bills resulting from her treatment. The 24th Judicial District Court dismissed her suit, and she appeals.
At the time of the accident, Mrs. Hood was 67 years of age. She engaged a Metry Cab to take her from the A & P Supermarket at Powers Boulevard and Veterans Highway to her apartment at 6215 Ackel Street. The time was approximately 2:30 p. m. At Mrs. Hood’s instructions, the cab stopped in the area at the rear of her apartment, where parking facilities were available for the tenants. After paying the driver, Mrs. Hood took a large bag of groceries into her arms, swung her legs out of the cab, and, as she thus debarked, stepped into a hole and fell. There was no evidence or testimony adduced to indicate that Mrs. Hood was physically disabled or that she made any request that the cab driver give her aid or assistance in debarking. In fact, Mrs. Hood acknowledged that she could not see where she stepped due to the fact that she had taken the large bag of groceries into her arms before debarking. Furthermore, there is no evidence whatsoever to indicate the size, location or configuration of the hole, and, thus, we are unable to assume any omission, oversight or failure to warn on the cab driver’s part.
In Galland v. NOPS, Inc., 370 So.2d 610 (La.App.4th Cir. 1979), we noted:
“[A] fare-paying passenger, in order to establish the prima facie case, must not merely prove an injury, but must further prove the injury was caused by an incident, occurrence or condition which is inferentially attributable to the carrier . Causation of the injury is therefore an element of the passenger’s burden of proof in establishing a prima facie case of negligence, and mere proof of an injury does not create any presumption which establishes such a prima facie case.”
Thus, we are in full accord with, and adopt as part of this opinion, the observations of the able trial judge, who concluded:
“The Court, after a thorough reading of the petitioner’s deposition, the depositions of other parties and memoranda of counsel, finds that Metry Cab is not guilty of any breach of care to the petitioner, Mrs. Hood.
The testimony given by Mrs. Hood in her deposition taken the 7th day of September, 1977, does not, in anyway, show negligence or lack of care on the part of the cab driver. Mrs. Hood requested to the cab driver that he not stop on Ackel Street where she resided, but rather drive around into the fire alley so she would have less of a walk to her door. Mrs. Hood stated that the alley was used for deliveries. She further stated that the driver stopped right behind her apartment but was prohibited from pulling into the parking spaces because of the presence of vehicles already occupying these spaces.
Mrs. Hood stated in her deposition that she was seated in the rear seat, passenger side of the cab. She paid the driver while still seated in the cab. Then, taking a large bag of groceries into her arms, Mrs. Hood swung her legs out of the taxi and stepped down. Mrs. Hood admits she did not look at the ground first, merely stepped out. Upon placing her foot on the ground, she lost her balance and fell. Mrs. Hood stated that the large grocery bag she was holding prevented her from seeing the ground where she stepped. *DLXII Mrs. Hood stated in her deposition that she normally walks to the grocery store. There is no evidence in the depositions or memoranda in the record that the plaintiff was physically disabled or appeared such as to require help in exiting the taxicab. Nor, is there evidence that Mrs. Hood felt she needed help in exiting from the taxicab. She made no request upon the cab driver to give her aid.
From the facts stated above, this Court finds neither negligence nor the omission of any act of care on the part of the Metry Cab driver.”
The judgment is affirmed, at appellant’s cost.

AFFIRMED.