HALL, Judge.
Plaintiffs, James Marshall and Booker T. Green, appeal from judgments awarding them damages for personal injuries sustained in an automobile accident, each contending that his respective award for general damages is inadequate.
Plaintiff Marshall was awarded general damages of $25,000, in addition to medical expenses of $2,210.85, for injuries accurately described by the .trial court as follows:
“Mr. Marshall received a serious injury to his right eye resulting in partial loss of vision, increased sensitivity to light, and loss of a part of the iris tissue.
“He also received other lacerations to the face necessitating plastic surgery. Although this surgery was. successful, some scarring remains on this 49 year old male.
“He also received a blow to the chest and arms, but the evidence does not establish that injuries other than those to the face and eye were serious. At the time of this accident, Mr. Marshall was disabled as a result of an industrial accident some five years previously at his then employment.
“Mr. Marshall was hospitalized for a period of five days. The facial lacerations were operated on by Dr. John Graham. Dr. Frederick R. Kirchner performed the operation on his right eye and Dr. John Austin treated him for his other injuries. Dr. Austin again hospitalized Mr. Marshall on September 18, 1978, but found nothing at that time that he could relate to the April 19, 1977 accident.
“The most significant issue in this case is the injury to Mr. Marshall’s right eye. Uncorrected, his vision in that eye is now 20/200. According to Dr. Kirchner, that is considered to be legally blind. This vision is corrected to 20/60 minus one. Dr. Kirchner considered that the operative procedure turned out. very well, but does not believe that his vision will get any better. Again according to Dr. Kirchner a visual acuity of 20/60 minus one means that Mr. Marshall’s corrected vision from the right eye is such that on the eye chart (Snelling Chart), there are usually about four letters in this series on the chart, and he could distinguish three of the four letters at the 20/60 level.
“This vision loss is significant. Considering the partial loss of vision, the increased sensitivity to light, the cosmetic effect of the loss of part of the iris tissue, together with his other injuries, the Court is of the opinion that Mr. Marshall is entitled to an award of $25,000.00 for his injuries.”
Plaintiff Green was awarded general damages of $1,000, in addition to $113 medical expenses, and $300 property damage, for injuries accurately described by the trial court as follows:
“His injuries consisted of a contusion to the left forehead resulting in a large swelling or knot which lasted for several weeks; contusions to his left shoulder and chest; and an injury to his left knee. He missed approximately three weeks from his employment, but made no claim for time lost. He wore a brace on his left leg for approximately two weeks.
“His knee continued to bother him for approximately three weeks after he removed the brace. It was necessary at one time for Dr. Dean to remove fluid from the knee.
“In the opinion of the Court, he is entitled to the sum of $1,000.00 for his injuries.”
*1054 Appellants urge that the awards are inadequate and amount to an abuse of discretion when compared to awards for similar injuries in several prior cases. The cases cited in support of the inadequacy of the Marshall award are: Schexnayder v. Carpenter, 346 So.2d 196 (La.1977); Walker v. Champion, 288 So.2d 44 (La.1973); Roberie v. Sinclair Refining Company, 252 So.2d 488 (La.App.3d Cir. 1971); David v. Houston Fire & Casualty Insurance Co., 242 So.2d 1 (La.App.3d Cir. 1970), writ refused 257 La. 858, 244 So.2d 610 (1971); Fuselier v. Trophy Nut Company, 204 So.2d 716 (La.App.3d Cir. 1967), writ refused 251 La. 752, 206 So.2d 96 (1968). The cases cited in support of the inadequacy of the Green award are: Heckel v. Travelers Insurance Company, 340 So.2d 363 (La.App.1st Cir. 1976); Addison v. Checker Cab Co., 337 So.2d 592 (La.App.4th Cir. 1976).
The adequacy or inadequacy of an award for damages should be determined by the facts or circumstances peculiar to the case under consideration. Before a trial court award may be questioned as inadequate or excessive, the reviewing court must look first, not to prior awards, but to the individual circumstances of the present case. The initial inquiry must be directed at whether the trial court’s award for the particular injuries and their effects upon the particular injured person is a clear abuse of the trier of fact’s much discretion. In this initial determination of excessiveness or insufficiency, an examination of prior awards has a limited function and may serve as an aid in this determination only when the present award is greatly disproportionate to the mass of awards in prior cases involving closely similar injuries, facts, and circumstances. Reck v. Stevens, 373 So.2d 498 (La.1979).
The 49-year-old plaintiff Marshall formerly was a welder but had not worked for more than five years because of a disabling foot injury received while engaged in his last employment. He was drawing a Social Security disability pension. The only particular activity mentioned in the testimony that plaintiff engaged in prior to the accident was a little gardening. It was not demonstrated that his facial scars or partial loss of vision in one eye had any significant or dramatic effect on his lifestyle or activities. An examination of the particular effects of these particular injuries upon this particular plaintiff, the appropriate initial inquiry of the appellate court in reviewing an award of damages, does not reveal a clear abuse of the trier of fact’s much discretion. The several selected (not mass of) cases cited by appellant are of little aid in this initial determination because, although they involved medically similar injuries, they involved significantly dissimilar facts and circumstances relating to the particular effects of the injuries on the particular plaintiffs in those cases.
The same analysis and conclusion applies to plaintiff Green. His injuries bothered him only a few weeks, with no permanent effects. He only missed three weeks from his job as an operator at a refinery, with no loss of wages. There was no clear abuse of discretion in the $1,000 general damage award.
The judgments of the district court are affirmed at the cost of appellant in each case.
Affirmed.