GARRISON, Judge,
dissenting and assigning reasons.
Whether a vehicle is a common or public carrier is determined by the circumstances of its operation. The two circumstances of operation which clearly affirm public carrier status are as follows:
1. That it carries people and goods belonging to others for their benefit and for hire.
2. That it is held out as willing to serve the public. Ciaccio v. New Orleans Public Belt Railroad, et als., 285 F.Supp. 373 (5th Dist., 1978). Taxi cabs, city buses, even school buses have been held to be public carriers. Addison v. Checker Cab Co., 337 So.2d 592 (La.App. 4th, 1976); Sepulvado v. General Fire and Casualty Co., 146 So.2d 428 (La.App. 3rd, 1963). Additionally, R.S. 45:200.2(2) defines a “public carrier vehicle” as follows:
“. . . any motor vehicle, having a normal seating capacity of less than ten passengers, used for the transportation of passengers for hire over any streets by a route or to a destination controlled by the passenger. * * *” Acts 1962, No. 404 § 1.
Appellee personally arranged the limousine transportation with Willis-Gertrude-Geddes Funeral Homes in order to transport the deceased to the destination of appellee’s choice. (Tr. p. 8) Undeniably, the limousine was and is a public carrier.
As a public carrier, the limousine service owed a high duty of care to the plaintiff. That duty is to exercise the highest degree of care in transporting passengers safely to their destination, such that any infraction or dereliction of that duty, however slight, which has a causal connection with an accident, renders the carrier and its operator liable. Green v. TACA International Airlines, 304 So.2d 357 (1974); Young v. Fryoux, 222 So.2d 628 (La.App. 4th, 1969). I find that the limousine service was derelict as to the duty which was owed to plaintiff and should be held liable.
The Louisiana Legislature is cognizant of the current lack of adequate protection afforded to the public and enacted the following policy statements within The Public Passengers Motor Vehicle Responsibility Law, R.S. 45:200.1:
“The legislature of Louisiana, in the exercise of its police power, hereby finds and declares that the operation of public carrier vehicles (as herein defined) within *758 this state is a business affected with the public interest; that there has been within this state a marked increase in the number of such vehicles, and the use thereof, with a consequent increase in hazards to the general public; that such vehicles regularly operate across municipal and parish boundaries; that the public in general, and the users of such vehicles in particular, are not protected against risks resulting from the operation of such vehicles; that uniform remedial legislation is required to correct and eliminate the conditions adversely affecting the public interest, to insure as far as practicable that the public will receive the benefits of more responsible operation of such vehicles; that the health, safety, morals, and welfare of the public make it imperative that effective, uniform, reasonable and just supervision, regulation and control be exercised over the operation of such vehicles to ensure their responsibility in order that the paramount interest of the public be protected and conserved, that irresponsible operation of such vehicles detrimental to the public interest be prevented, and that this remedial legislation should be construed liberally and enforced strictly in favor of the public; and that penalties for violations should be prescribed.” Added Acts 1962, No. 404 § 1.
I find no manifest error in the ruling of the trial court. Arceneaux v. Dominigue, 365 So.2d 1330 (La.1979); Canter v. Koehring Co., 283 So.2d 716 (La.1973). Indeed the trial judge was following the mandate of the legislature in R.S. 45:200.16:
“The Legislature hereby declares that R.S. 45:200.1 through 45:200.15 is remedial in nature and shall be construed liberally in favor of the public in general, and the users of public carrier vehicles in particular, and to exact strict compliance by the owners and operators of public carrier vehicles with the requirements of R.S. 45:200.1-45:200.14” Acts 1962, No. 404 § 2. (Emphasis added.)
Accordingly, I would affirm the judgment of the district court.