BLANCHE, Justice.
We approve the factual resume in the opinion of the Court of Appeal, 377 So.2d 480 (La.App. 4th Cir. 1979), and affirm its decision with the following revision.
The opinion of the Court of Appeal refers to Galland v. N.O.P.S.I., 370 So.2d 610 (La.App. 4th Cir. 1979). On writs of certiorari to this Court, we reversed that decision,[1] stating that the mere showing of an injury to a fare-paying passenger on a public conveyance and his failure to reach his destination safely establishes a prima facie case of negligence. Upon making such a showing, proof of the cause of the damage, or an act or failure to act on the part of the defendant and the fault or negligence of the carrier (La. C.C. arts. 2315 and 2316), will be treated by the courts as presumed, and the burden of proof then shifts to the carrier to show that the incident did not occur, or that the defendant exercised reasonable care, or that any negligence on its part was not the legal cause of the plaintiff’s mishap.
Had Mrs. Hood’s account of the incident ended with the showing that, as a fare-paying passenger, she had not reached her destination safely, she would have established a prima facie of negligence. However, her further testimony exonerated the carrier for, according to Mrs. Hood, she stepped blindly from the cab into the street after having effectively blocked her own scope of vision with a bag of groceries.
We, therefore, can only conclude that Mrs. Hood’s own negligence was the sole cause of the accident. For these reasons, the judgment of the court of appeal is affirmed.
AFFIRMED.
CALOGERO and DENNIS, JJ., dissent.
WATSON, J., concurs in the result.
LEMMON, J., recused.

. Galland v. N.O.P.S.I., 377 So.2d 84 (La. 1979).