WILLIAMS, Judge.
This is an appeal from a decision of the First City Court in Orleans Parish finding defendants John Hughes and Northwest Insurance Company [“Northwest”] liable for damages to plaintiff’s car.
In October of 1981, Dr. Arthur Dugoni was a passenger in a taxi operated by defendant Myles. Upon reaching his destination, a hotel in the French Quarter, defendant Myles stopped the cab on the left side of Burgundy Street (a one-way street) in order to let Dugoni get out of the cab. Dugoni opened the right door of the cab which was struck by a car driven by plaintiff Leval. Leval’s car was damaged. Le-val and The Government Employees Insurance Company, as subrogee, filed suit against the passenger, his insurer, as well as the cab driver, the cab owner, and his insurer, Northwest. Defendant John Hughes, the cab owner, and Northwest filed a third-party demand against Dugoni and his insurer. After a trial on the merits, judgment was rendered in favor of the plaintiffs against defendant Myles, Hughes and his insurer. Defendant Dugoni and his insurer were dismissed from the suit. Defendants Hughes and Northwest appealed.
At issue in this case is whether the taxi driver violated his standard of care in discharging his passenger. The trial court found that in view of the standard of care owed to Dugoni, defendant Myles was negligent in allowing him [Dugoni] to alight from the cab as he did.
A cab driver is not an insurer of his passenger’s safety, but owes him the highest degree of care. Addison v. Checker Cab Co., 337 So.2d 592 (La.App. 4th Cir.1976); Duane v. Toye Bros. Yellow Cab Co., 148 So.2d 451 (La.App. 4th Cir.1963). In Cary v. New Orleans Public Service, *780 Inc., 250 So.2d 92 (La.App. 4th Cir.1971), this court held that:
“[t]he test of negligence is whether or not the place where a passenger is forced to disembark is reasonably safe for the purpose”, [citations omitted].
Id. at 94.
In this case, the cab driver allowed his passenger to exit the taxi without first warning him that he had stopped on the left side of the street. Myles testified that he did not see Leval’s car approaching, although it must have been extremely close in order for Dugoni to have struck it with the door. The trial court held that, under the circumstances, Myles should have checked the road before allowing the passenger to leave. We agree.
Furthermore, the trial court found that Myles’s duty to Dugoni was heightened because of the driver’s observation that his passenger was not “normal.” At trial, the following exchange occurred:
Q. “During the time that you [Myles] were driving him ..., did he seem like he was a normal person?
A. “No, no. I mean, he was like he had a few drinks.”
TV. at 43.
A taxi driver who is aware of a passenger’s intoxication owes him a higher duty of care. E.g., Cox v. Toye Bros. Yellow Cab Co., 144 So.2d 448 (La.App. 4th Cir.1962). In this case, in light of the taxi driver’s testimony, we cannot find that it was manifest error for the trial court to apply this higher standard to him.
We cannot conclude, from the evidence presented at trial, that the trial court committed manifest error in holding defendants negligent and dismissing the suit against Dugoni and his insurer: Dugoni was a visitor from San Francisco (Myles knew that he was from out of town), apparently had been drinking, and was allowed to exit the cab at an unsafe place, without proper warning. See, Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Appellants have asserted that the failure of defendant Dugoni to testify at trial should raise the inference that his testimony would have been unfavorable. Maxwell v. Gibson, 421 So.2d 1175 (La.App. 2d Cir.1982). We need not decide whether this inference is applicable to this case. Even assuming Dugoni’s testimony to be unfavorable, defendant Myles’s testimony would be more than sufficient to find him negligent. Myles was a cab driver, he perceived his passenger to have been “not normal,” thus heightening his duty to him, he stopped on the left side of the street, and failed to caution his passenger. These facts are all uncontradicted, and not within Dugoni’s particular range of knowledge. No unfavorable testimony from Dugoni could change the duty owed to him. The application of this inference in the present case, therefore, would be fruitless.
For the foregoing reasons, the decision of the trial court is affirmed, all costs to appellant.
AFFIRMED.